■ STANLEY A. SPEYER, Appellant, v SANDRA K. SPEYER, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated January 10, 1986, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Bernhard, J.), dated June 19, 1987, as, upon reargument, adhered to its original determination in an order entered May 12, 1987,

which directed him to reimburse $9,068.48 to a custodial account held by him for the daughter of the marriage but failed to direct the defendant wife to transfer to him certain custodial accounts held by her on behalf of the daughter.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the appellant to reimburse $9,068.48 to the custodial account held by him, and substituting therefor a provision granting him a credit for $4,526.50 and by directing him to reimburse the remaining sum of $4,541.98 to the custodial account held in his name; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the appellant's time to pay the $4,541.98 is extended until 60 days after service upon him of a copy of this decision and order, with notice of entry.

At issue herein are three bank accounts established under the Uniform Gift to Minors Act (EPTL 7-4.1 *et seq.),* one of which is held in the name of the plaintiff and two in the name of the defendant, on behalf of the infant daughter of the parties. The parties were divorced in 1986 and the plaintiff was granted custody of the daughter. The trial court had appointed a guardian ad litem to report on the accounts and, after a hearing, the guardian recommended that the plaintiff reimburse the account held by him the sum of $9,068.48, and that the two accounts held by the defendant be transferred to the plaintiff. The trial court adopted the first recommendation but not the second.

Under EPTL 7-4.4 (b), the custodian is granted the broad power to "expend for the minor's benefit, so much of or all the custodial property as the custodian deems advisable for the support, maintenance, education and benefit of the minor in the manner, at the time and to the extent that the custodian in his discretion deems suitable and proper" *(see also, Matter of Searles,* 97 Misc 2d 582; *Matter of Sigismondo,* NYLJ, Jan. 9, 1984, at 14, col 2). Thus, the plaintiff should have been given credit for the approximately $4,526.50 he spent on the daughter's private school expenses for the 1986-1987 school year. However, the court properly disallowed a credit for the over $6,000 in bat mitzvah expenses and $8,000 in attorneys' fees connected with the divorce proceeding.

Although the plaintiff has physical custody of the daughter, the defendant, as the infant's natural mother, remains a properly named custodian for the two accounts held by her (EPTL 7-4.1 [f]). In the absence of any evidence that the defendant has converted the custodial funds or unlawfully dissipated them, there is insufficient reason to justify her

removal as custodian (EPTL 7-4.7 [e]; *Matter of Muller v Muller,* 18 AD2d 1067; *cf., Matter of Sigismondo, supra).* Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.