■ KANWAL JIT SINGH, Appellant, v GETTY PETROLEUM CORP., Respondent. [713 NYS2d 490] —In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Queens County (LaTorella, J.), entered July 2, 1999, which, upon an order of the same court dated May 11, 1999, denying his motion for relief from a conditional order of dismissal, dismissed the complaint.

Ordered that the appeal is dismissed for failure to perfect the same in accordance with the CPLR and the rules of this Court (see, CPLR 5526, 5529 [e]; 22 NYCRR 670.10 [a] [1]; [b] [3]); and it is further,

Ordered that the respondent is awarded one bill of costs.

It is the obligation of the appellant to assemble a proper record on appeal. The record must contain all of the relevant papers that were before the Supreme Court, plus the transcript, if any, of the proceedings (see, CPLR 5526). A proper record must be organized so as to facilitate meaningful review. "An appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent record" (Lo Gerfo v Lo Gerfo, 30 AD2d 156, 157). Among other defects, the instant record follows no logical sequence and contains documents that were not submitted to the Supreme Court, some of which bear no apparent relationship to this case. The record contains virtually no evidence concerning the plaintiff's past discovery defaults, which the plaintiff's reply brief seeks to minimize as having been non-willful. In short, the record renders meaningful appellate review virtually impossible. Accordingly the dismissal of this appeal is an appropriate disposition (see, Patel v Patel, 270 AD2d 241; Cross Westchester Dev. Corp. v Sleepy Hollow Motor Ct., 222 AD2d 644). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.