■ RONALD STEINBORN, Respondent, v DESMA ENTERPRISES, INC., Respondent, PATCHOGUE ICE CREAM BAKERY, INC., et al., Appellants, et al., Defendants. [713 NYS2d 495] —In an action to recover damages for personal injuries, the defendants Patchogue Ice Cream Bakery, Inc., Raymond Givergitsky, and Ziah Givergitsky appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered May 13, 1999, which, upon a jury verdict finding them 100% at fault in the happening of the accident, is in favor of the plaintiff and against them in the principal sum of $112,500.

Ordered that the judgment is affirmed, with costs.

The appellants' contention that the trial court erred in dismissing their cross claims for indemnification and contribution against the defendant Desma Enterprises, Inc., is unpreserved for appellate review (*see, Div-Com v F. J. Zeronda, Inc.,* 136 AD2d 844). In any event, the contention is without merit.

The appellants' remaining contentions are either unpreserved for appellate review or do not warrant reversal. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.

■ GLENN SVOBODA, Appellant, v DONNA SVOBODA, Respondent. [713 NYS2d 497] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered April 14, 1999, as (1) awarded custody of the parties' two children to the defendant wife upon his consent, (2) awarded exclusive possession of the marital home to the defendant wife, (3) directed him to pay $160 per week in child support, and (4) provided for the equitable distribution of the remainder of marital property.

Ordered that the appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the CPLR and the rules of this Court (*see,* CPLR 5528 [a]; 5529 [b], [c]; 22 NYCRR 670.10 [c]).

"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (*Patel v Patel,* 270 AD2d 241, citing CPLR 5528 [a]; 5529 [b], [c]; 22 NYCRR 670.10 [c]; *see also, Cross Westchester Dev. Corp. v Sleepy Hollow Motor Ct.,* 222 AD2d 644). The appellant failed to provide this Court with an appendix containing the relevant transcript pages of the trial on the issues of custody, child support, and equitable distribution. Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.