■ MICHELLE MATISON, Individually and as Administrator of the Estate of ARELENE MATISON, Deceased, and as Parent and

Natural Guardian of THOMAS MATISON, an Infant, Appellant, v COUNTY OF NASSAU, Respondent. [736 NYS2d 115] —In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered November 13, 2000, which, after a jury verdict in favor of the defendant, denied her motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, and for a new trial.

Ordered that the appeal is dismissed, without costs or disbursements.

It is the obligation of the appellant to assemble a proper record on appeal (see, Matter of Allstate Ins. Co. v Vargas, 288 AD2d 309; Singh v Getty Petroleum Corp., 275 AD2d 740). The record must contain all of the relevant papers that were before the Supreme Court, including the transcript, if any, of the proceedings (see, Matter of Allstate Ins. Co. v Vargas, supra; Desmarat v Basile, 288 AD2d 336; Lowry v Suffolk County Water Auth., 287 AD2d 551). The plaintiff seeks review of an interlocutory order which denied her motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendant, and therefore, the record should have included the full trial transcript (see, Lowry v Suffolk County Water Auth., supra). As the plaintiff failed to submit a record that would enable this Court to render an informed decision on the merits, her appeal must be dismissed (see, Matter of Allstate Ins. Co. v Vargas, supra; Desmarat v Basile, supra; Lowry v. Suffolk County Water Auth., supra; Patel v Patel, 270 AD2d 241; Brown v Middleton, 244 AD2d 306). Florio, J.P., Goldstein, McGinity and H. Miller, JJ., concur.