■ LARRY MILLER, Respondent, v XIAO MEI, Also Known as EMILY MILLER, Appellant. [743 NYS2d 103] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered May 11, 2000, which, inter alia, granted plaintiff a divorce on the ground of cruel and inhuman treatment, and awarded defendant a distributive award of $1,712,273.25, representing 25% of the marital property, in lieu of all other equitable distribution, and maintenance of $7,000 per month for five years, and order, same court (Elliott Wilk, J.), entered on or about September 17, 1999, which awarded custody of the parties' children to plaintiff, with supervised visitation to defendant, unanimously affirmed, without costs.

Plaintiff's largely unrefuted testimony supports the trial court's findings that the marriage was viable for only 2½ years, after which there was a pattern of bizarre behavior by defendant that caused plaintiff to fear for his safety and affected his mental and physical health, and warranted a divorce on the ground of cruel and inhuman treatment (Domestic Relations Law § 170 [1]; see, Shou-Tsung Lin v Straub, 282 AD2d 234). The lack of medical evidence does not require a contrary result (see, Ridley v Ridley, 275 AD2d 941, 943). Nor is there basis for disturbing the equitable distribution. Defendant was properly precluded from producing evidence on financial issues upon a record showing her persistent and unexplained failures to comply with long-standing disclosure obligations (CPLR 3126; see, Sanchez v City of New York, 266 AD2d 127). Contrary to defendant's contention, the court included in the marital estate the increase in value of the marital residence and $2.5 million in compensation earned by plaintiff prior to the marriage but received thereafter, and also properly determined that a New York State tax assessment for the years 1992 through 1996 was a marital liability. The record establishes a relatively short marriage in which this defendant's contributions as a spouse, mother and homemaker were minimal, justifying only a 25% share of the marital property (see, Cappiello v Cappiello, 110 AD2d 608, affd 66 NY2d 107). Concerning maintenance, defendant's claim that she needs additional training due to her difficulty with the English language is belied by a record showing that she did not delay her education or training as a result of the marriage, possesses a Master's degree in bilingual education and taught English in China. The marital standard of liv-

ing was modest, given the resources available, and, inasmuch as defendant does not have any day-to-day child care responsibilities, the award of $7,000 per month over five years is more than adequate to enable her to meet her reasonable living expenses totaling about $4,800 per month during the period it should take her to become self-supporting in a lifestyle approximating that which she enjoyed during the marriage. The trial court's award of legal fees was a proper exercise of discretion.

Concerning custody and visitation, there is no merit to defendant's contention that the court's oral decision failed to set forth the essential facts upon which it relied. The admission of certain videotapes cannot be deemed error inasmuch as the parties ultimately stipulated thereto. Defendant's claim of denial of equal protection is unpreserved and in any event without merit. The record supports the finding that custody to plaintiff, with supervised visitation to defendant, is in the children's best interests. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.