■ LINDA SULTAN, Respondent, v SETH J. SULTAN, Defendant. GERALD SULTAN, Nonparty Appellant. [744 NYS2d 852] —In a matrimonial action in which the parties were divorced by judgment entered February 6, 1998, Gerald Sultan, attorney for the defendant, appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated November 16, 2000, which, after a hearing, determined that he had engaged in frivolous conduct and directed him to pay a sanction in the principal sum of $3,500 and costs in the sum of $562.50.

Ordered that the appeal is dismissed, without costs or disbursements.

"It is the obligation of the appellant to assemble a proper record on appeal" (*Matison v County of Nassau*, 290 AD2d 494; see *Singh v Getty Petroleum Corp.*, 275 AD2d 740). "An appellant's record on appeal must include any relevant transcripts of proceedings before the Supreme Court" (*Desmarat v Basile*, 288 AD2d 336, 337; see *Matison v County of Nassau, supra*; *Lowry v Suffolk Co. Water Auth.*, 287 AD2d 551). The failure to provide necessary transcripts generally inhibits the court's ability to render an informed decision on the merits of the appeal (see *Riverso v Allstate Ins. Co.*, 282 AD2d 663; *Svoboda v Svoboda*, 275 AD2d 742). Because the appellant failed to

include in the record on appeal the minutes of the sanction hearing pursuant to which the order appealed from was rendered, this appeal must be dismissed (*see Matison v County of Nassau, supra; Desmarat v Basile, supra; Lowry v Suffolk Co. Water Auth., supra; Riverso v Allstate Ins. Co., supra; Matter of Zaikowski v Monzon,* 277 AD2d 459; *Singh v Getty Petroleum Corp., supra; Svoboda v Svoboda, supra*). Santucci, J.P., Smith, Friedmann and Townes, JJ., concur.