■ GARNERVILLE HOLDING COMPANY, INC., Respondent, v IMC MANAGEMENT, INC., et al., Defendants, and LAWRENCE PESKA, Appellant. [749 NYS2d 892] —In an action, inter alia, to recover damages for breach of a commercial lease, the defendant Lawrence Peska appeals from a judgment of the Supreme Court, Rockland County (Carey, J.), dated September 10, 2001, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $40,117.89.

Ordered that the appeal is dismissed, with costs.

The judgment appealed from was rendered after a nonjury trial. The appellant, however, has failed to provide this Court with a copy of the transcript of the trial (*see* 22 NYCRR 670.9 [b] [1]).

"It is the obligation of the appellant to assemble a proper record on appeal" (*Sultan v Sultan,* 295 AD2d 498 [internal quotation marks omitted]; *Matison v County of Nassau,* 290 AD2d 494; *Singh v Getty Petroleum Corp.,* 275 AD2d 740). An appellant's record on appeal "must contain all of the relevant papers before the Supreme Court, including the transcript, if any, of the proceedings" (*Whyte v Destra,* 298 AD2d 384; *see Desmarat v Basile,* 288 AD2d 336; *Matison v County of Nassau, supra*; *Lowry v Suffolk County Water Auth.,* 287 AD2d 551). An appellant's failure to provide a necessary transcript or pertinent exhibits inhibits the court's ability to render an informed decision on the merits of the appeal (*Matter of Allstate Ins. Co. v Vargas,* 288 AD2d 309; *Riverso v Allstate Ins. Co.,* 282 AD2d 663; *Svoboda v Svoboda,* 275 AD2d 742). Appeals that are not based upon complete and proper records must be dismissed (*see Matison v County of Nassau, supra*; *Desmarat v Basile, supra*; *Lowry v Suffolk Co. Water Auth., supra*; *Riverso v Allstate Ins. Co., supra*; *Matter of Zaikowski v*

*Monzon,* 277 AD2d 459; *Singh v Getty Petroleum Corp., supra*; *Svoboda v Svoboda, supra*).

Without a trial transcript, we are unable to determine whether the Supreme Court awarded the plaintiff damages in excess of those recoverable from the breach in controversy, as opposed to the period of an earlier breach that was the subject of prior litigation. Additionally, we cannot determine whether the Supreme Court properly pierced the corporate veil of any of the corporate defendants to impose liability against the individual defendant. Thus, this appeal must be dismissed. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.