■ DONNA SPECTOR, Respondent, v DONALD SPECTOR, Appellant. [797 NYS2d 437]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered October 22, 2003, which, in granting divorce, divided marital property, imputed income to defendant, directed defendant to make certain child support payments, and found appropriate the award of counsel fees, and orders, same court and Justice, entered June 25 and August 3, 2004, which, to the extent appealed from as limited by the briefs, found defendant in criminal contempt and sentenced him to 15 days in jail and a $250 fine, and directed him to cooperate with plaintiff in any effort to set aside defendant's family trust, unanimously affirmed, with one bill of costs.

As the court did not direct the dissolution or breakup of the trust in question, or the distribution of trust assets, it was unnecessary to obtain jurisdiction over the trust or the trustees (*cf. Matter of Acheson*, 28 NY2d 155, 164-165 [1971], *cert denied* 404 US 826 [1971]). The court simply and properly ordered defendant, over whom it clearly had jurisdiction, to cooperate in any action the wife might take to dissolve the trust.

The court properly entered an order of preclusion. The record overwhelmingly supports the conclusion that defendant willfully failed and refused to provide plaintiff with documents properly demanded (*see* CPLR 3126; *Miller v Xiao Mei*, 295 AD2d 144 [2002], *lv denied* 100 NY2d 502 [2003]). In its preclusion order, the court also properly found that moneys contained in defendant's trust were marital property (Domestic Relations Law § 236 [B] [1] [c]), derived from earnings during the marriage, the parties' joint bank account and the children's custodial account, and then purportedly "loaned" or "invested" in a speculative startup company, for which defendant provided no relevant documentation.

In a related vein, the court properly ordered defendant to return $180,000 he had taken from the children's custodial account, funneled through the trust (which was expressly for defendant's benefit), and "invested" in this undocumented, speculative startup company (*see e.g. Speyer v Speyer*, 142 AD2d

726 [1988]). The record clearly demonstrates defendant's attempt to appropriate to his own use this money of his children, which he is now unable to account for, violating his fiduciary duty as well as his obligation to keep the money separate and distinct from other property so as to be able to identify it clearly as custodial property (EPTL 7-6.12 [d]).

The court's finding of contempt against defendant was overwhelmingly supported by defendant's willful failure to pay the child support ordered in the judgment of divorce (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Davenport v Guardino*, 166 AD2d 349 [1990]), and by defendant's failure to demonstrate any genuine attempt to obtain employment (*Matter of Dorner v McCarroll*, 271 AD2d 530 [2000]).

Defendant's allegations of judicial bias, which are the sole basis of his challenge to the court's distributive award, are unfounded, and his assertion of an inability to pay is unpersuasive. Concur—Friedman, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.