■ VANDENBURG & FELIU, LLP, Respondent, v INTERBORO PACKAGING CORP. et al., Appellants. [896 NYS2d 111]—

In an action, inter alia, to recover fees for legal services rendered, the defendants appeal from (1) a decision of the Supreme Court, Orange County (Alessandro, J.), dated October 6, 2008, made after a nonjury trial, and (2) a judgment of the same court dated December 15, 2008, which, upon the decision, is in favor of the plaintiff and against the defendant Interboro Packaging Corp., in the principal sum of $97,579.95, and against the defendant Northvale Property Associates, LLC, in the principal sum of $18,183.26.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed, with one bill of costs.

The defendants hired the plaintiff law firm to represent them in several matters. The parties only executed one retainer agreement which referenced the initial matter for which the plaintiff was retained. The "letter of engagement rule" (22 NYCRR 1215.1) "requires attorneys to provide all clients with a written letter of engagement explaining the scope of legal services, the fees to be charged, billing practices to be followed, and the right to arbitrate a dispute under Rules of the Chief Administrator of the Courts (22 NYCRR) part 137" (*Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 60 [2007]). Contrary to the defendants' contention, a separate written retainer agreement for each matter as to which the plaintiff rendered services was not required here since this section is not applicable where "the fee to be charged is expected to be less than $3,000," or "the attorney's services are of the same general kind as previously rendered to and paid for by the client" (22 NYCRR 1215.2 [a], [b]).

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds war-

ranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses" (*Pro-Health Care Assoc., LLP v Shapiro*, 46 AD3d 792,793 [2007]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). While the defendants correctly contend that the plaintiff failed to establish that it was entitled to recover under the causes of action based on an account stated, a finding that the plaintiff was entitled to recover on its causes of action alleging breach of contract is warranted by the facts. Accordingly, the Supreme Court properly awarded judgment in favor of the plaintiff.

We do not reach the defendants' contention that the Supreme Court erred in precluding the testimony of their expert. It is the obligation of the appellant to assemble a proper record on appeal, containing all of the relevant papers that were before the Supreme Court, plus the transcript, if any, of the proceedings (*see* CPLR 5526). "Without a complete record, this Court is unable to render an informed decision on the merits" (*Marcantonio v Picozzi*, 46 AD3d 522, 523 [2007]; *see Matison v County of Nassau*, 290 AD2d 494, 495 [2002]; *Singh v Getty Petroleum Corp.*, 275 AD2d 740 [2000]). Here, the defendants failed to provide the papers necessary to permit appellate review of this issue.

The defendants' remaining contentions are without merit. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.