■ LISA SCHWARTZ, Respondent, v HAROLD SCHWARTZ, Appellant. [902 NYS2d 127]—

In an action for divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 30, 2009, which denied his motion, made at the close of the plaintiff's case pursuant to CPLR 4401, for judgment as a matter of law dismissing the complaint.

Ordered that the appeal is dismissed, without costs or disbursements.

"It is the obligation of the appellant to assemble a proper record on appeal, which must include any relevant transcripts of proceedings before the Supreme Court" (*Nakyeoung Seoung v Vicuna*, 38 AD3d 734, 735 [2007]; *see* CPLR 5525 [a]; 5526; *Gaffney v Gaffney*, 29 AD3d 857 [2006]; *Fernald v Vinci*, 13 AD3d 333 [2004]; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427, 427 [2004]; *Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450 [2002]). "The record must contain all of the relevant papers that were before the Supreme Court, including the transcript, if any, of the proceedings" (*Matison v County of Nassau*, 290 AD2d 494, 495 [2002]; *see Matter of Allstate Ins. Co. v Vargas*, 288 AD2d 309, 310 [2001]; *Desmarat v Basile*, 288 AD2d 336, 337 [2001]; *Lowry v Suffolk County Water Auth.*, 287 AD2d 551, 552 [2001]). Here, the defendant appeals from the Supreme Court's denial of his motion pursuant to CPLR 4401, made at the close

of the plaintiff's case, for judgment as a matter of law dismissing the complaint. However, the defendant's failure to provide this Court with the full trial transcript renders the record on appeal inadequate to enable this Court to reach an informed decision on the merits, and thus, the appeal must be dismissed (*see Nakyeoung Seoung v Vicuna*, 38 AD3d at 735; *Gerhardt v New York City Tr. Auth.*, 8 AD3d at 427; *Matison v County of Nassau*, 290 AD2d at 495). Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.