FRANCES RIVERA, Individually and as Administratrix of the Estate of ANNA GLORIA RIVERA, Deceased, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants, et al., Defendants. [915 NYS2d 281]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Jacobson, J.), entered September 16, 2008, and (2) so much of an amended judgment of the same court entered September 24, 2008, as, upon a jury verdict in favor of her and against the defendants City of New York, New York City Health & Hospitals Corporation, Woodhull Medical & Mental Health Center, Adedokun Akinyooye, Cynthia B. Smith-Couch, Eric Sarpong, Samuel Agyare, and Maurice Wright, failed to award damages on the cause of action alleging wrongful death against those defendants, and the defendants City of New York, New York City Health & Hospitals Corporation, Woodhull Medical & Mental Health Center, Adedokun Akinyooye, Cynthia B. Smith-Couch, Eric Sarpong, Samuel Agyare, and Maurice Wright, cross-appeal from the judgment and from so much of the amended judgment as is in favor of the plaintiff and against them in the principal sum of $3,500,000.

Ordered that the appeal and cross appeal from the judgment are dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Supreme Court, Kings County, for the severance of the wrongful death cause of action and for a new trial on that cause of action on the issue of damages only against the respondents-appellants; and it is further,

Ordered that the amended judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

To establish a claim sounding in medical malpractice, a plaintiff must demonstrate that a defendant deviated or departed from good and accepted medical practice, and that the defendants' conduct was a proximate cause of the injuries claimed (*see DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *Rodney v North Shore Univ. Hosp.*, 286 AD2d 382, 383 [2001]). To sustain this burden, the plaintiff must, among other things, present expert testimony that the defendant's conduct constituted a deviation from the requisite standard of care (*see Roseingrave v Massapequa Gen. Hosp.*, 298 AD2d 377, 379 [2002]).

Contrary to the respondents-appellants' contention, viewing the evidence in the light most favorable to the plaintiff (*see Dublis v Bosco*, 71 AD3d 817 [2010]), a valid line of reasoning exists by which a rational jury could have concluded that they departed from good and accepted standards of medical care and that their conduct was a substantial factor in causing the plaintiff's injuries (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). Moreover, the jury verdict in favor of the plaintiff was not contrary to the weight of the evidence (*see Johnston v Joyce*, 192 AD2d 1124 [1993]; *Nicastro v Park*, 113 AD2d 129 [1985]). "This trial was a prototypical battle of the experts, and the jury's acceptance of [plaintiff's] case was a rational and fair interpretation of the evidence" (*Johnston v Joyce*, 192 AD2d 1124, 1125 [1993]). Further, the damages award was not excessive, as it did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

We do not reach the respondents-appellants' contention that the trial court gave erroneous instructions to the jury when the jury became deadlocked. It is the obligation of the respondents-appellants to assemble a proper record on appeal, containing all of the relevant papers that were before the Supreme Court, plus the transcript, if any, of the proceedings (*see* CPLR 5526). Without a complete record that includes the complained-of instructions, this Court is unable to render an informed decision on the merits of this issue (*see Vandenburg & Feliu, LLP v Interboro Packaging Corp.*, 70 AD3d 931 [2010]; *Marcantonio v Picozzi*, 46 AD3d 522, 523 [2007]; *Matison v County of Nassau*, 290 AD2d 494, 495 [2002]; *Singh v Getty Petroleum Corp.*, 275 AD2d 740 [2000]).

The respondents-appellants' remaining contentions are either unpreserved for appellate review or without merit.

We agree with the plaintiff's contention that the trial court erred in failing to include pecuniary damages on the verdict sheet in connection with the wrongful death cause of action.

" '[I]n any wrongful death action, especially one [such as here] involving a child of tender years, the absence of dollars and cents proof of pecuniary loss does not relegate the distributees to recovery of nominal damages only . . . Rather, since it is often impossible to furnish direct evidence of pecuniary injury, calculation of pecuniary loss is a matter resting squarely within the province of the jury' " (*Lopez v Gomez*, 305 AD2d 292, 292-293 [2003], quoting *Parilis v Feinstein*, 49 NY2d 984, 985 [1980]). Accordingly, the matter must be remitted to Supreme Court, Kings County, for a new trial on the wrongful death cause of action on the issue of damages only against the respondents-appellants. Skelos, J.P., Eng, Hall and Lott, JJ., concur.