■ GENNADY GORELIK, Appellant-Respondent, v ELENA GORELIK, Respondent-Appellant. [927 NYS2d 80]—

In a matrimonial action in which the parties were divorced by judgment dated February 10, 1997, the plaintiff appeals (1) from stated portions of an order of the Supreme Court, Kings County (Ambrosio, J.), entered March 10, 2009, which, inter alia, granted the defendant's motion to compel him to return funds he removed from accounts established for the parties' children under the Uniform Transfers to Minors Act (EPTL 7-6.1—7-6.26), granted that branch of the defendant's separate motion which was for leave to reargue her cross motion, among other things, to compel the plaintiff to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, and pursuant to CPLR 4403 to reject so much of a report of a referee (Gans, J.H.O.), dated December 10, 2007, as calculated his child support obligation based on a capped combined parental income of $100,000 per year, which had been determined in an order of the same court dated July 14, 2008, and thereupon vacated its determination in the order dated July 14, 2008, in effect, denying those branches

of the defendant's cross motion which were to compel him to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, granted those branches of the defendant's cross motion, directed him to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, and referred the issues of the amount owed to the defendant for retroactive unreimbursed medical expenses and summer camp expenses to a Judicial Hearing Officer to hear and determine, and denied that branch of his cross motion which was, in effect, for leave to reargue that branch of his prior motion which was pursuant to CPLR 4403 to reject so much of the referee's report as imputed income to him in the sum of $105,000 per year, and the defendant cross-appeals from so much of the order entered March 10, 2009, as, upon reargument, adhered to the determination in the order dated July 14, 2008, directing the plaintiff to pay child support arrears in the amount of only $4,000 per year, and failing to direct the plaintiff to account for the entire period during which the plaintiff was the custodian of the accounts established for the children under the Uniform Transfers to Minors Act, and (2) the plaintiff separately appeals from an order of the same court entered September 17, 2009, which denied those branches of his motion which were, in effect, for leave to reargue his opposition to those branches of the defendant's cross motion which were to compel him pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, which had been determined, upon reargument, in the order entered March 10, 2009.

Ordered that the appeals from the order entered September 17, 2009, and so much of the order entered March 10, 2009, as denied that branch of the plaintiff's cross motion which was, in effect, for leave to reargue that branch of his prior motion which was pursuant to CPLR 4403 to reject so much of the referee's report as imputed income to him in the sum of $105,000 per year is dismissed, without costs or disbursements, as no appeal lies from an order, in effect, denying reargument; and it is further,

Ordered that the appeal from so much of the order entered March 10, 2009, as granted that branch of the defendant's separate motion which was for leave to reargue those branches of her prior cross motion which were to compel the plaintiff to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, and thereupon vacated the determination in the order dated July

14, 2008, in effect, denying those branches of the defendant's prior cross motion, granted those branches of the defendant's prior cross motion, directed the plaintiff to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, and referred the issue of the amount owed to the defendant for retroactive unreimbursed medical expenses and summer camp expenses to a Judicial Hearing Officer to hear and determine, is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered March 10, 2009, is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from, without costs or disbursements.

The plaintiff's appeal from so much of the order entered March 10, 2009, as granted that branch of the defendant's motion which was for leave to reargue those branches of her cross motion which were to compel the plaintiff to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, and thereupon vacated the determination in an order dated July 14, 2008, in effect, denying those branches of the defendant's cross motion, granted those branches of the defendant's cross motion, directed the plaintiff to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses, and referred the issues of the amount owed to the defendant for retroactive unreimbursed medical expenses and summer camp expenses to a Judicial Hearing Officer to hear and determine, must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action dated February 22, 2010 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order entered March 10, 2009, are brought up for review and have been considered on the appeal from the judgment dated February 22, 2010 (*see* CPLR 5501 [a] [1]; *Gorelik v Gorelik*, 85 AD3d 859 [2011] [decided herewith]).

The plaintiff's challenge to the imputation of income to him was previously raised by him, and determined by this Court, on a prior appeal (*see Gorelik v Gorelik*, 71 AD3d 730 [2010]). Under the circumstances, he is barred from raising them again on this appeal (*see Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817 [2010]).

Contrary to the plaintiff's contention, the Supreme Court properly entertained the defendant's postjudgment motion to direct him to return funds he removed from the accounts established for the parties' children pursuant to the Uniform Transfers to Minors Act (EPTL 7-6.1—7-6.26 [hereinafter

UTMA]) (*see* EPTL 7-6.19 [c]; *Spector v Spector*, 18 AD3d 380 [2005]; *Speyer v Speyer*, 142 AD2d 726 [1988]).

The defendant's contention that the Supreme Court should have memorialized the plaintiff's child support arrears in a judgment that may be presently enforced is not properly before this Court since it is raised for the first time on appeal (*see generally Aristides v Foster*, 73 AD3d 1105, 1107 [2010]; *Lew v Lew*, 82 AD3d 1171 [2011]). Moreover, the Supreme Court providently exercised its discretion in setting the schedule for payment of the support arrears (*cf. Matter of Bavaro-Baldwin v Bavaro*, 28 AD3d 551 [2006]).

The defendant's contention that the plaintiff should be directed to account for the entire period he was the custodian of the children's UTMA accounts is not properly before this Court, since she did not request this relief in the Supreme Court (*see Aristides v Foster*, 73 AD3d at 1107; *see generally Tirado v Miller*, 75 AD3d 153, 158 [2010]).

The parties' remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.