■ GENNADY GORELIK, Appellant, v ELENA GORELIK, Respondent. [926 NYS2d 555]—

In a matrimonial action in which the parties were divorced by judgment dated February 10, 1997, the plaintiff appeals from a money judgment of the Supreme Court, Kings County (Harkavy, J.H.O.), dated February 22, 2010, which, upon a decision of the same court dated January 22, 2010, made after a hearing, and upon an order of the same court (Ambrosio, J.), entered March 10, 2009, inter alia, granting that branch of the defendant's motion which was for leave to reargue those branches of her cross motion which were to compel the plaintiff to pay his pro rata share of the unreimbursed medical expenses of the parties' children and 100% of the children's summer camp expenses, which had been, in effect, denied in an order dated July 14, 2008, thereupon vacated the determination in the order dated July 14, 2008, in effect, denying those branches of the defendant's cross motion, granted those branches of the defendant's cross motion, and directed the plaintiff to pay his pro rata share the children's unreimbursed medical expenses and 100% share of the children's summer camp expenses, is in favor of the defendant and against him in the principal sum of $12,257.

Ordered that the appeal from the money judgment is dismissed (*see* CPLR 5511) except insofar as it brings up for review

so much of the order entered March 10, 2009, as granted that branch of the defendant's motion which was for leave to reargue those branches of her cross motion which were to compel the plaintiff to pay his pro rata share of the unreimbursed medical expenses of the parties' children and 100% of the children's summer camp expenses, thereupon vacated the determination in the order dated July 14, 2008, in effect, denying those branches of the defendant's cross motion, granted those branches of the defendant's cross motion, and directed the plaintiff to pay his pro rata share of the children's unreimbursed medical expenses and 100% of the children's summer camp expenses; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the plaintiff's contentions, the Supreme Court, in an order entered March 10, 2009, properly granted the defendant's motion for leave to reargue those branches of her cross motion which were to compel the plaintiff to pay his pro rata share of the unreimbursed medical expenses of the parties' children and 100% of the children's summer camp expenses (see CPLR 2221 [d]; see generally Scarito v St. Joseph Hill Academy, 62 AD3d 773 [2009]), and thereupon properly granted those branches of the defendant's cross motion. The plaintiff's contention that these expenses were discharged by an order of the United States Bankruptcy Court for the Eastern District of New York is without merit.

Prior to the entry of the money judgment dated February 22, 2010, the plaintiff submitted a motion, which he characterized as one pursuant to CPLR 3211 (a) to dismiss the defendant's "claims" for payment of the children's summer camp and unreimbursed medical expenses. The plaintiff's motion was, in actuality, for leave to reargue his opposition to those branches of the defendant's cross motion which were to compel him to tender those payments, which had been determined in the order entered March 10, 2009, made upon reargument. In a companion appeal, we determined that an order dated September 17, 2009, denying the plaintiff's motion, was not appealable, as no appeal lies from an order denying reargument (see Gorelik v Gorelik, 85 AD3d 856 [2011] [decided herewith]). The issues raised on the appeal from that order are not brought up for review on the appeal from the judgment (see CPLR 5501 [a] [1]).

We do not reach the plaintiff's remaining contentions. "It is the obligation of the appellant to assemble a proper record on appeal, which must include any relevant transcripts of proceedings before the Supreme Court" (Kruseck v Ross, 82 AD3d 939,

940 [2011]; *see Rivera v City of New York,* 80 AD3d 595 [2011]; *Vandenburg & Feliu, LLP v Interboro Packaging Corp.,* 70 AD3d 931, 932 [2010]). The plaintiff seeks review of the judgment awarding the defendant the principal sum of $12,257, representing his pro rata share of the children's unreimbursed medical expenses and 100% of their summer camp expenses, made after a hearing was held to determine the validity and reasonableness of the claimed expenses. However, the plaintiff has failed to include the hearing transcripts in the record on appeal. Accordingly, the record is inadequate to enable this Court to render an informed decision on the remaining issues raised in the plaintiff's brief (*see Rivera v City of New York,* 80 AD3d at 595; *Vandenburg & Feliu, LLP v Interboro Packaging Corp.,* 70 AD3d at 932), including the propriety of the amounts awarded. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.