■ GWENDOLYN CLARKE, Appellant, v PAUL K. CLARKE, Respondent. [934 NYS2d 345]—

An appellant is obligated "to assemble a proper record on appeal, which must include any relevant transcripts of proceedings before the Supreme Court" (*Kruseck v Ross*, 82 AD3d 939, 940 [2011]; *see* CPLR 5525 [a]; 5526; *Gorelik v Gorelik*, 85 AD3d 859, 860-861 [2011]; *Kociubinski v Kociubinski*, 83 AD3d 1006, 1007 [2011]; *Schwartz v Schwartz*, 73 AD3d 1156, 1156-1157 [2010]). The record must also "contain all of the relevant papers that were before the Supreme Court, including the transcript, if any, of the proceedings" (*Matison v County of Nassau*, 290 AD2d 494, 494 [2002]).

Here, the plaintiff appeals from a judgment which, inter alia, failed to direct the defendant to pay child support arrears, failed to award the plaintiff maintenance, and failed to equitably distribute the value of the defendant's medical license. However, the plaintiff's failure to provide this Court with the full transcript of the nonjury trial conducted before the Supreme Court renders the record on appeal inadequate to enable this Court to reach an informed determination on the merits. Thus, the appeal must be dismissed (*see Gorelik v Gorelik*, 85 AD3d at 861; *Kociubinski v Kociubinski*, 83 AD3d at 1007; *Schwartz v Schwartz*, 73 AD3d at 1157). Mastro, A.P.J., Sgroi, Cohen and Miller, JJ., concur.