Lahtinen, J.
Appeal from an order of the Supreme Court (Demarest, J.), entered December 6, 2012 in St. Lawrence County, which denied plaintiffs’ motion to set aside a verdict in favor of defendant.
Plaintiff Susan Bouchey (hereinafter plaintiff) and her husband, derivatively, brought this action alleging that plaintiff sustained injuries during a mammogram at defendant hospital. Following a bifurcated trial on liability, a jury found that defendant had departed from accepted medical care during the mammogram. However, the jury further determined that such departure was not a proximate cause of plaintiff’s injuries, resulting in a verdict dismissing the action. Plaintiffs moved pursuant to CPLR 4404 (a) for Supreme Court to set aside the verdict and direct either judgment in their favor or a new trial. Supreme Court denied the motion and this appeal ensued.
The appeal must be dismissed because plaintiffs failed to submit an adequate record. A record on appeal is fatally deficient if this Court is unable to render an informed decision on the merits because the record lacks relevant documents and transcripts of the proceedings held before the trial court (see *1217 Matter of Christopher RR. v St. Lawrence County Dept. of Social Servs., 113 AD3d 899, 899 [2014]; Matter of Pratt v Anthony, 30 AD3d 708, 708 [2006]). Plaintiffs seek review of an “order which denied [their] motion pursuant to CPLR 4404 to set aside a jury verdict in favor of . . . defendant, and therefore, the record should have included the full trial transcript” (Matison v County of Nassau, 290 AD2d 494, 495 [2002]; see Kruseck v Ross, 82 AD3d 939, 940 [2011]; Lynch v Consolidated Edison, Inc., 82 AD3d 442, 442 [2011]). Plaintiffs did not include the majority of the transcript from this multi-day trial. The record contains only plaintiff’s testimony and the jury instructions. Such is insufficient to review their claim that Supreme Court erred in denying their CPLR 4404 motion.
Peters, PJ., McCarthy and Garry, JJ., concur.
Ordered that the appeal is dismissed, with costs.