In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Klein, J.), entered February 5, 2013, which denied her objections to an order of the same court (Furman, 5. M.), dated May 16, 2012, which, after a hearing, inter alia, imputed income to the mother in the amount of $35,000 for the period from April 2008 to December 2010 and in the amount of $65,000 from January 2011, forward, awarded the mother child support in the amount of only $729 per month for the period from April 1, 2008, through December 2008, in the amount of only $707 per month for 2009, in the amount of only $899 per *826 month for 2010, and in the amount of only $485 per month in 2011, and determined that the father had overpaid child support.
Ordered that the appeal is dismissed, with costs.
It is the obligation of the appellant to assemble a proper record on appeal (see Family Ct Act § 1118; CPLR 5525 [a]; Matter of Rudick v Rudick, 16 AD3d 514 [2005]; Matter of Zaikowski v Monzon, 277 AD2d 459 [2000]; Matter of Baiko v Baiko, 141 AD2d 635 [1988]). The failure to provide necessary transcripts inhibits this Court’s ability to render an informed decision on the merits of the appeal (see Svoboda v Svoboda, 275 AD2d 742 [2000]). The record submitted by the appellant to this Court includes a transcript from a proceeding conducted on September 14, 2011, which included no testimony or evidence but, rather, only court colloquy. The appellant failed to include the transcript from the multiday fact-finding hearing held in connection with her petition. Since the papers provided were patently insufficient for the purpose of reviewing the issues that the appellant raises, this appeal must be dismissed (see Matter of Remy v Mitchell, 60 AD3d 860 [2009]; Sultan v Sultan, 295 AD2d 498 [2002]; Matter of Meier v Meier, 204 AD2d 328 [1994]).
Rivera, J.P, Chambers, Austin and Duffy, JJ., concur.