■ In the Matter of ROSE G. ROSEMARY CARMOLA et al., Respondents; VINCENT G., Appellant. [990 NYS2d 897]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the personal needs and property management of Rose G., an alleged incapacitated person, in which Vincent G. cross-petitioned to be appointed as the guardian, Vincent G. appeals from an order of the Supreme Court, Kings County (King, J.), dated February 15, 2013, which, after a hearing, granted the motion of Roberto Lopez, the temporary guardian of the alleged incapacitated person, for permission to relocate the alleged incapacitated person.

Ordered that the appeal is dismissed, without costs or disbursements.

It is the obligation of the appellant to assemble a proper record on appeal (*see* CPLR 5525 [a]; *Hazell v State of New York*, 81 AD3d 893, 893 [2011]; *Matison v County of Nassau*, 290 AD2d 494, 495 [2002]). The failure to provide necessary transcripts inhibits this Court's ability to render an informed decision on the merits of an appeal (*see Matter of Leichter-Kessler v Kessler*, 117 AD3d 825, 826 [2014]).

Here, the appellant failed to include, in the record on appeal, a copy of the transcript of the hearing that was held before the Supreme Court in connection with the motion of the temporary guardian of the alleged incapacitated person for permission to relocate the alleged incapacitated person. Since the record is inadequate for this Court to render an informed decision on the issues raised by the appellant, the appeal must be dismissed (*see Smith v Imagery Media, LLC*, 95 AD3d 1204 [2012]; *Hazell v State of New York*, 81 AD3d at 893). Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.