Roberts v Roberts (2018 NY Slip Op 01949)





Roberts v Roberts


2018 NY Slip Op 01949


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-06059
 (Index No. 2806/08)

[*1]Scott Roberts, respondent, 
v
Lyubov A. Roberts, appellant.


Aaron M. Feldman, Forest Hills, NY, for appellant.
Alexandra N. Cohen, New York, NY, for respondent.
Daniel P. Moskowitz, Jamaica, NY, attorney for the child.



DECISION & ORDER
Appeal from stated portions of a judgment of divorce of the Supreme Court, Queens County (Bernice D. Siegel, J.), entered March 24, 2015. The judgment, insofar as appealed from, upon an amended decision of that court dated February 3, 2015, made after a nonjury trial, awarded the plaintiff a fault-based divorce on the ground of cruel and inhuman treatment, awarded the plaintiff sole custody of the parties' child, imputed income to the defendant, determined that the plaintiff's share in the marital residence constituted separate property, and made an equitable distribution of marital assets.
ORDERED that the appeal from so much of the judgment as awarded the plaintiff a fault-based divorce on the ground of cruel and inhuman treatment, awarded the plaintiff sole custody of the parties' child, imputed income to the defendant, determined that the plaintiff's share in the marital residence constituted separate property, and made an equitable distribution of marital assets is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The parties were married in June 1996. They have one child together, who was born in 2002. In 2008, the plaintiff commenced this action for a fault-based divorce and ancillary relief on the ground of cruel and inhuman treatment in 2008. By order dated February 25, 2011, the Supreme Court awarded the plaintiff temporary sole custody of the child. The case proceeded to trial, and at the trial the court denied the defendant's motion for recusal. At the conclusion of the trial, by judgment of divorce entered March 24, 2015, the court, inter alia, granted the plaintiff a fault-based divorce, awarded him sole custody of the child, and determined issues of equitable distribution. The defendant appeals from the judgment.
Although the defendant seeks review of the order dated February 25, 2011, which [*2]awarded the plaintiff temporary sole custody of the parties' child, this issue is not properly before us. The order awarding the plaintiff temporary sole custody of the child was superseded by the judgment awarding him permanent sole custody, and the temporary order is no longer in effect (see Haggerty v Haggerty, 78 AD3d 998, 999). Accordingly, the award of temporary custody is not reviewable on the appeal from the judgment of divorce under CPLR 5501 because, if reversed or modified, it would not necessarily affect the judgment (see Maddaloni v Maddaloni, 142 AD3d 646, 647).
The Supreme Court properly denied the defendant's motion for recusal. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405-406). "A court's decision in this respect may not be overturned unless it was an improvident exercise of discretion" (D'Andraia v Pesce, 103 AD3d 770, 771; see Matter of Bonefish Grill, LLC v Zoning Bd. of Appeals of the Vil. of Rockville Ctr., 153 AD3d 1394; Wells Fargo Bank, N.A. v Chaplin, 144 AD3d 1021). Denial of the defendant's motion for recusal was proper here, as the defendant "fail[ed] to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal" (Sassower v Gannett Co., Inc., 109 AD3d 607, 609).
We do not reach the defendant's remaining contentions. " It is the obligation of the appellant to assemble a proper record on appeal, which must include any relevant transcript of proceedings before the Supreme Court'" (Schwartz v Schwartz, 73 AD3d 1156, 1156, quoting Nakyeoung Seoung v Vicuna, 38 AD3d 734, 735; see CPLR 5525[a]; Bousson v Bousson, 136 AD3d 954; Istomin v Istomin, 130 AD3d 575, 576; Clarke v Clarke, 90 AD3d 690; Gorelik v Gorelik, 85 AD3d 859; Fernald v Vinci, 13 AD3d 333). " Appeals that are not based on complete and proper records must be dismissed'" (Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 814, quoting Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450; see Fernald v Vinci, 13 AD3d 333). Here, the defendant seeks review of so much of the judgment as awarded the plaintiff a fault-based divorce on the ground of cruel and inhuman treatment, awarded the plaintiff sole custody of the child, imputed income to the defendant, determined that the plaintiff's share in the marital residence constituted separate property, and made an equitable distribution of marital assets. However, the defendant has failed to assemble a proper record on appeal and, thus, has prevented a meaningful review of her claims (see Gorelik v Gorelik, 85 AD3d 859). In a decision and order on motion of this Court dated January 27, 2017, the defendant was directed to serve and file a supplemental record containing, inter alia, "all additional trial transcripts," and the post-trial memoranda of the plaintiff and the attorney for the child, which were submitted to the Supreme Court in lieu of closing arguments at trial. Nevertheless, the defendant has failed to include the transcripts of all relevant proceedings before the court, her statement of net worth and tax returns submitted to the court as trial exhibits, and the post-trial memoranda of the plaintiff and the attorney for the child, in either the record on appeal or the supplemental record. Accordingly, the record is inadequate to enable this Court to render an informed decision on these issues (see Clarke v Clarke, 90 AD3d 690; Gorelik v Gorelik, 85 AD3d 859; Schwartz v Schwartz, 73 AD3d at 1156).
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court