Fink v Al-Sar Realty Corp. (2019 NY Slip Op 06922)





Fink v Al-Sar Realty Corp.


2019 NY Slip Op 06922


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


835 CA 18-01474

[*1]MICHAEL FINK, PLAINTIFF-RESPONDENT,
v
AL-SAR REALTY CORP. AND 2870 ERIE BOULEVARD NOVELTIES & GIFTS, INC., DEFENDANTS-APPELLANTS. 






ROBIN J. GRAY, WYOMISSING, PENNSYLVANIA, FOR DEFENDANTS-APPELLANTS. 
STANLEY LAW OFFICES, SYRACUSE (ANNA ROBBINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 27, 2018. The order, insofar as appealed from, granted the motion of plaintiff for partial summary judgment pursuant to Labor Law § 240 (1) and denied in part the cross motion of defendants for summary judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking to recover damages for injuries that he sustained when he fell from a ladder while attempting to access an HVAC unit on the roof of a building allegedly owned by defendants. Supreme Court granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), denied those parts of defendants' cross motion seeking summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims, and granted those parts of defendants' cross motion seeking summary judgment dismissing the Labor Law § 200 claim and the common-law negligence causes of action. Defendants appeal.
"It is the obligation of the appellant to assemble a proper record on appeal. The record must contain all of the relevant papers that were before the Supreme Court" (Singh v Getty Petroleum Corp., 275 AD2d 740, 740 [2d Dept 2000]; see CPLR 5526; Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). Here, defendants' appeal must be dismissed based on defendants' failure to provide an adequate record, including the failure to include the operative complaint, i.e., the amended complaint filed on July 3, 2017, which defendants seek to
dismiss in their cross motion (see generally Mergl, 19 AD3d at 1147).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court