Matter of Santman v Schonfeldt (2022 NY Slip Op 03897)

Matter of Santman v Schonfeldt

2022 NY Slip Op 03897

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2021-06616
 (Docket No. F-7815-18/20)

[*1]In the Matter of Caroline Santman, appellant,
v
Heracles Schonfeldt, respondent.

Orrick, Herrington & Sutcliffe LLP, New York, NY (Rene Kathawala of counsel), for appellant.
N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated August 10, 2021. The order denied the mother's objections to so much of an order of disposition of the same court (Nadine J. Satterthwaite, S.M.) dated June 24, 2021, as directed the father to pay the mother child support arrears in the sum of only $20,204 at a rate of only $250 per month and denied the mother's request to commit the father for a period of incarceration unless he paid a purge amount.
ORDERED that the order dated August 10, 2021, is affirmed, without costs or disbursements.
Pursuant to an order dated October 29, 2018, the father was obligated to pay the mother the sum of $2,750 per month for the support of the parties' two children. In August 2020, the mother filed a violation petition, alleging that the father had failed to pay the required amount of child support as of July 2020. Following a hearing, in an order of disposition dated June 24, 2021, the Support Magistrate found that the father's failure to pay child support was willful, directed the father to pay the mother child support arrears in the sum of $20,204 at a rate of $250 per month, and denied the mother's request to commit the father for a period of incarceration unless he paid a purge amount. In an order dated August 10, 2021, the Family Court denied the mother's objections to the order of disposition. The mother appeals.
Contrary to the mother's contention, the Support Magistrate's failure to explain in the order of disposition the reasoning for her determination to deny the mother's request for a purge payment or weekend incarceration did not constitute a violation of Family Court Act § 454(4). The Support Magistrate complied with the statute by setting forth the facts upon which the determination was based (see Matter of Sylvester v Goffe, 177 AD3d 978). Any purported failure to specifically address the mother's requests does not amount to a statutory violation requiring remand for further proceedings (see Matter of Eve S.P. v Steven N.S., 177 AD3d 425; cf. Lerner v Lerner, 168 AD3d 736).
The Support Magistrate providently exercised her discretion in declining to accept [*2]into evidence at the hearing a second updated statement of arrears (see Family Ct Act § 459), which statement was offered after the mother had rested her case (see CPLR 4011; Feldsberg v Nitschke, 49 NY2d 636, 643).
The Support Magistrate providently exercised her discretion in setting the schedule for the father's payment of child support arrears based on evidence at the hearing of the father's income, expenses, and payment history (see Gorelik v Gorelik, 85 AD3d 856, 859). Accordingly, the determination should not be disturbed.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court