Fitzpatrick v CSS Indus., Inc. (2025 NY Slip Op 01609)

Fitzpatrick v CSS Indus., Inc.

2025 NY Slip Op 01609

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-01220
 (Index No. 71122/18)

[*1]Thomas J. Fitzpatrick, etc., appellant,
v
CSS Industries, Inc., respondent.

Nolan Law Firm, New York, NY (William Paul Nolan of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, New York, NY (Diane K. Toner and Jack J. Yau of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated October 25, 2023. The order, insofar as appealed from, in effect, upon reargument and renewal, adhered to the prior determination in an order of the same court dated January 6, 2023, granting the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal is dismissed, with costs.
"Pursuant to CPLR 5526 it is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the Supreme Court" (Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d 954, 954 [alteration and internal quotation marks omitted]; see Wilmington Trust Co. v Buscemi, 207 AD3d 503, 505). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450).
Here, after the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, the plaintiff moved for leave to reargue and renew his opposition to the defendant's prior motion. In an order dated October 25, 2023, the court, inter alia, in effect, upon reargument and renewal, adhered to the prior determination granting the defendant's motion for summary judgment dismissing the complaint. On the plaintiff's appeal from that order, the record does not include various papers relied upon by the court, including the papers submitted in support of, and in opposition to, the defendant's motion for summary judgment dismissing the complaint (see Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d at 955). "'Since these omissions have rendered meaningful review of the court's order virtually impossible, dismissal of the appeal is the appropriate disposition'" (id. [internal quotation marks omitted], quoting Eleven Stars, LLC v Central Baptist Church, 206 AD3d 884, 885).
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court