Lubin v Arnold E. DiJoseph, P.C. (2025 NY Slip Op 03057)

Lubin v Arnold E. DiJoseph, P.C.

2025 NY Slip Op 03057

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-02858
 (Index No. 714024/22)

[*1]Azaka S. Lubin, appellant, 
v
Arnold E. DiJoseph, P.C., et al., respondents.

Azaka S. Lubin, Lynbrook, NY, appellant pro se.
Law Office of Arnold E. DiJoseph, P.C., sued herein as Arnold E. DiJoseph, P.C., New York, NY (Arnold E. DiJoseph III, sued herein as Arnold E. DiJoseph, pro se of counsel), respondent pro se and for respondent Arnold E. DiJoseph.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered March 7, 2024. The order, insofar as appealed from, in effect, upon reargument and renewal, adhered to a prior determination in an order of the same court dated September 28, 2023, denying the plaintiff's motion to compel a settlement and granting the defendants' cross-motion to dismiss the complaint.
ORDERED that the appeal is dismissed, without costs or disbursements.
"'Pursuant to CPLR 5526 it is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the Supreme Court'" (Fitzpatrick v CSS Indus., Inc., 236 AD3d 863, 863, quoting Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d 954, 954; see Babayev v Kreitzman, 168 AD3d 655, 655). "'Appeals that are not based upon complete and proper records must be dismissed'" (Fitzpatrick v CSS Indus., Inc., 236 AD3d at 863, quoting Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450).
Here, the appellant failed to include in the record on appeal the full order appealed from, all papers submitted in support of, and in opposition to, the motion for leave to reargue and/or renew, the papers submitted in support of, and in opposition to, the plaintiff's underlying motion to compel a settlement or the defendants' underlying cross-motion to dismiss the complaint, or the order dated September 28, 2023. Since these omissions have rendered meaningful review of the order appealed from "'virtually impossible, dismissal of the appeal is the appropriate disposition'" (Fitzpatrick v CSS Indus., Inc., 236 AD3d at 863-864 [internal quotation marks omitted], quoting Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d at 955).
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court