■ In the Matter of DIANE NELSON, Respondent, v KEITH NELSON, Appellant. [850 NYS2d 915]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated March 29, 2007, which sustained the mother's objections to an order of the same court (Kahlon, S.M.), dated March 23, 2007, denying, after a hearing, that branch of the mother's petition which was for reimbursement of the father's proportionate share of medical expenses for their child, and, thereupon, inter alia, in effect, granted that branch of the petition.

Ordered that the order is affirmed, with costs.

The Family Court properly sustained the mother's objections to the order of the Support Magistrate. The Family Court properly construed the parties' stipulation of settlement and found that the father is responsible for 80% of the costs associated with the child's surgery. "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (*Cohen-Davidson v Davidson,* 291 AD2d 474, 475 [2002]).

The father's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.