■ ROBERT ROBERTSON et al., Appellants, v UNITED EQUITIES, INC., Respondent, et al., Defendants. [876 NYS2d 871]—In an action, inter alia, to set aside a deed conveying certain real property, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Schack, J.), dated August 31, 2007, and (2) an amended order of the same court dated September 25, 2007, which directed a hearing to aid in the disposition of the motion of the defendant United Equities, Inc., which was for an award of an attorney's fee and to impose a sanction against the plaintiffs and/or their attorney, pursuant to 22 NYCRR 130-1.1, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant United Equities, Inc.

deed conveying certain real property, the plaintiff Robert Robertson, individually and as executor of the estate of Rachael Beard, and nonparty Regina Felton, the attorney for the plaintiffs, appeal from an order of the Supreme Court, Kings County (Schack, J.), dated July 2, 2008, which, after a hearing, granted that branch of the motion of the defendant United Equities, Inc., which was pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee payable by the nonparty-appellant, and directed the nonparty-appellant to pay an attorney's fee in the sum of $13,287.50.

Ordered that the appeal is dismissed, with costs.

The plaintiffs are not aggrieved by the order granting that branch of the motion of United Equities, Inc., which was pursuant to NYCRR 130-1.1 for an award of an attorney's fee payable by the nonparty-appellant and directing the nonparty-appellant to pay an attorney's fee in the sum of $13,287.50.

Moreover, "[i]t is the obligation of the appellant to assemble a proper record on appeal, which must include any relevant transcripts of proceedings before the Supreme Court" (see Nakyeoung Seoung v Vicuna, 38 AD3d 734, 735 [2007]). The appellants failed to include in their record on appeal a copy of the transcript of the proceedings leading to the order on appeal. The record is inadequate to enable this Court to render an informed decision on the merits. Thus, the appeal must be dismissed (see Nakyeoung Seoung v Vicuna, 38 AD3d 734, 735 [2007]; Gerhardt v New York City Tr. Auth., 8 AD3d 427, 427 [2004]). Skelos, J.P., Fisher, Miller and Eng, JJ., concur. [See 20 Misc 3d 1112(A), 2008 NY Slip Op 51327(U).]