■ JOYCE A. MILOWSKI, Respondent, v RAYMOND W. MICHAEL et al., Appellants. [892 NYS2d 862]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied the defendants' motion for summary judgment. The defendants failed to establish their prima facie entitlement to judgment as a matter of law. Since the defendants failed to satisfy their burden on the motion, we need not consider the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

"It is the obligation of the appellant[s] to assemble a proper record on appeal, which must include any relevant transcripts of proceedings before the Supreme Court" (*Nakyeoung Seoung v Vicuna*, 38 AD3d 734, 735 [2007]). Although the defendants seek review of a judgment entered upon a jury verdict, they have failed to include the full trial transcript in the record. The defendants' remaining contentions are not reviewable since the record is inadequate to enable this Court to render an informed decision on the merits (*see Robertson v United Equities, Inc.*, 61 AD3d 838 [2009]; *Nakyeoung Seoung v Vicuna*, 38 AD3d at 735; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427 [2004]). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.