■ JONATHAN K. SMITH, Appellant, v IMAGERY MEDIA, LLC, et al., Respondents. [945 NYS2d 133]—In an action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County (Demarest, J.), entered June 22, 2011, as, upon an order of the same court dated April 29, 2009, striking the defendants' answer and granting the plaintiff's motion for sum-

mary judgment on the issue of liability, upon a decision of the same court (Marano, J.H.O.), dated January 5, 2010, made after an inquest on the issue of damages, and upon an order of the same court (Demarest, J.), dated May 19, 2011, confirming the decision, is in favor of him and against the defendants in the principal sum of only $205,000, and failed to award prejudgment interest pursuant to CPLR 5001.

Ordered that the appeal is dismissed, without costs or disbursements.

"It is the obligation of the appellant to assemble a proper record on appeal" (*Matison v County of Nassau*, 290 AD2d 494, 495 [2002]; *see Hazell v State of New York*, 81 AD3d 893, 893 [2011]; *Milowski v Michael*, 69 AD3d 909, 909 [2010]; *Nakyeoung Seoung v Vicuna*, 38 AD3d 734, 735 [2007]; *Singh v Getty Petroleum Corp.*, 275 AD2d 740, 740 [2000]). Although the plaintiff seeks review of the damages awarded in the judgment appealed from, he failed to include, inter alia, the full transcript of the inquest on the issue of damages. Since, under the circumstances, the record is inadequate to enable this Court to render an informed decision on the merits, the appeal must be dismissed (*see Hazell v State of New York*, 81 AD3d at 893; *Milowski v Michael*, 69 AD3d at 909; *Robertson v United Equities, Inc.*, 61 AD3d 838, 839 [2009]; *Nakyeoung Seoung v Vicuna*, 38 AD3d at 735; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427, 427-428 [2004]; *Matison v County of Nassau*, 290 AD2d at 495; *Lowry v Suffolk County Water Auth.*, 287 AD2d 551, 552 [2001]). Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.