(January 22, 2014)

BEATRIZ AGUIAR-CONSOLO, Appellant, v CITY OF NEW YORK et al., Respondents. (Action No. 1.) ROBERT CONSOLO, JR., et al., Appellants, v CITY OF NEW YORK et al., Respondents, and BEATRIZ AGUIAR-CONSOLO, Appellant. (Action No. 2.) [978 NYS2d 855]—

" 'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal' " (*Grossman v Composto-Longhi*, 96 AD3d 1000, 1001 [2012], quoting *Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009]; *see Christian v Graham*, 73 AD3d 676, 677 [2010]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10-b [c] [1]; *see* CPLR 5528 [a] [5]).

Here, the appellants seek review of an order which denied their joint motion pursuant to CPLR 4404 (a), inter alia, to set

aside a jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial and, therefore, the appendix should have included the full trial transcript (*see Kruseck v Ross*, 82 AD3d 939, 940 [2011]; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427, 427-428 [2004]; *Matison v County of Nassau*, 290 AD2d 494, 495 [2002]; *Lowry v Suffolk County Water Auth.*, 287 AD2d 551, 552 [2001]; *see also* CPLR 5526). Since, under the circumstances presented here, the appendix is inadequate to enable this Court to render an informed decision on the merits, the appeals must be dismissed (*see Smith v Imagery Media, LLC*, 95 AD3d 1204, 1205 [2012]). Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.