■ ALVIN S. CUTTLER, Appellant, v LIBBY J. CUTTLER, Respondent. [13 NYS3d 494]—

Appeal from an order of the Supreme Court, Putnam County (Francis A. Nicolai, J.), dated December 18, 2013. The order, insofar as appealed from, denied the plaintiff's application, in effect, to direct the parties to execute a trust instrument proposed by him and granted the defendant's application to direct the parties to execute a trust instrument proposed by her.

Ordered that the appeal from so much of the order as denied the plaintiff's application, in effect, to direct the parties to execute a trust instrument proposed by him is dismissed; and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the defendant's application to direct the parties to execute a trust instrument proposed by her is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and the defendant's application to direct the parties to execute a trust instrument proposed by her is denied.

The parties entered into a stipulation of settlement which was incorporated but not merged into a judgment of divorce dated August 7, 2008. The stipulation of settlement provided that the parties shall attempt to preserve certain assets "to the greatest extent possible," and further provided for the establishment of a trust that would be initially funded with $100 from each party, but would be fully funded with certain assets upon the death of either party. In 2013, the parties submitted competing proposed trust instruments to the Supreme Court. The Supreme Court determined that the defendant's proposed trust instrument more closely conformed with the parties' stipulation of settlement, denied the plaintiff's application, in effect, to direct the parties to execute the trust instrument proposed by him, and granted the defendant's application to direct the parties to execute the trust instrument proposed by her. The plaintiff appeals.

No appeal lies as of right from the order appealed from, as the order did not decide a motion made on notice (*see* CPLR 5701 [a] [2]). With regard to that portion of the order which denied the plaintiff's application, in effect, to direct the parties to execute the trust instrument proposed by him, inasmuch as the appendix submitted by the plaintiff does not include the trust instrument that he proposed and submitted to the Supreme Court with his application, the appendix is inadequate for this Court to render an informed decision on the merits of the plaintiff's appeal from this portion of the order (*see Aguiar-Consolo v City of New York*, 113 AD3d 707, 707-708 [2014]). Accordingly, we decline to grant the plaintiff leave to appeal from this portion of the order (*see* CPLR 5701 [c]), and the appeal taken from that portion of the order must be dismissed.

Contrary to the plaintiff's contention, the defendant's conduct did not demonstrate a clear intention to waive the provisions in the stipulation of settlement relating to the establishment of the trust (*see Ferraro v Janis*, 62 AD3d 1059, 1060 [2009]). However, we agree with the plaintiff that the Supreme Court erred in granting the defendant's application to direct the parties to execute the trust instrument proposed by her. A stipulation of settlement is subject to principles of contract construction and interpretation (*see Salinger v Salinger*, 125 AD3d 747, 748 [2015]; *Hannigan v Hannigan*, 50 AD3d 957 [2008]; *Matter of Nelson v Nelson*, 48 AD3d 688 [2008]). "[A] court may not, under the guise of interpretation, make a new contract for the parties or change the words of a written contract so as to make it express the real intention of the par-

ties if to do so would contradict the clearly expressed language of the contract" (*Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386 [1968]). Here, the trust instrument proposed by the defendant provided that the trust would immediately be fully funded with certain assets. This was contrary to the clear and unambiguous terms of the stipulation of settlement, which provided that the trust would initially be funded with only $100 from each party, and would be fully funded with certain assets only upon the death of either party. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.