■ SANDRA MAY, Respondent, v MICHAEL FREEMAN et al., Appellants. [29 NYS3d 815]—In an action to recover damages for injury to personal property, the defendants appeal from a judgment of the Supreme Court, Westchester County (Walker, J.), entered May 28, 2014, which, after a nonjury trial and upon a decision of the same court dated February 19, 2014, is in favor of the plaintiff and against them in the principal sum of $10,000.

Ordered that the appeal from so much of the judgment as awarded damages in the principal sum of $10,000 is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, with costs.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, because the Supreme Court's determination on the issue of liability was warranted by the facts, we conclude that there is no basis to disturb that determination.

The defendants' challenge to the sufficiency of the proof supporting the Supreme Court's determination on the issue of

damages is not reviewable, since the record is inadequate to enable this Court to render an informed decision on the merits of this issue, and it is the obligation of the appellant to assemble a proper record on appeal (*see Sawin v Sawin*, 128 AD3d 663, 668 [2015]; *Milowski v Michael*, 69 AD3d 909, 909 [2010]; *Fernald v Vinci*, 13 AD3d 333, 334 [2004]; *Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450, 450 [2002]).

The defendants' remaining contentions do not warrant a contrary result. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.