Zhao v Na Chan (2018 NY Slip Op 00418)





Zhao v Na Chan


2018 NY Slip Op 00418


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-02113
 (Index No. 25849/10)

[*1]Joyce Lan Zhen Zhao, et al., respondents, 
v
Na Chan, et al., appellants, et al., defendants.


Goldberg & Dubin, P.C., New York, NY (Stacey Van Malden of counsel), for appellants.
Vincent S. Wong, New York, NY, for respondents.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Kings County (Richard N. Allman, Ct. Atty. Ref.), dated December 1, 2014. The judgment, after a nonjury trial, is in favor of the plaintiffs and against the defendants Na Chan and Tak Ching Chan in the total principal sum of $882,650.
ORDERED that the appeal is dismissed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for violations of the Securities Act of 1933 (15 USC § 77e et seq.). On December 1, 2014, after a nonjury trial, the Supreme Court issued a judgment in favor of the plaintiffs and against the defendants Na Chan and Tak Ching Chan (hereinafter together the defendants). The defendants appeal from the judgment.
" An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal'" (Swift v Broadway Neon Sign Corp., 137 AD3d 893, 893, quoting NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965, 965). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent, including material excerpts from transcripts of testimony" (Beizer v Swedish, 125 AD3d 703, 703 [internal quotation marks omitted). " An appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent appendix'" (Diana v DeLisa, 151 AD3d 806, 808-809, quoting Lo Gerfo v Lo Gerfo, 30 AD2d 156, 157). Here, since the appendix, which contained only limited portions of the trial transcripts, is inadequate to enable this Court to render an informed decision on the merits, the appeal must be dismissed (see Aguiar-Consolo v City of New York, 113 AD3d 707, 708).
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court