[6 NYS3d 442]

In the Matter of STONE STREET CAPITAL, LLC, Petitioner, v MICHAEL SHAPIRO et al., Respondents.

Supreme Court, Suffolk County, February 27, 2015

### APPEARANCES OF COUNSEL

*Lavin, O'Neil, Ricci, Cedrone & DiSipio*, New York City, for petitioner.

*Michael Shapiro*, respondent pro se.

*Hogan Lovells US LLP*, New York City, for Travelers Indemnity Company, respondent.

*MetLife Insurance Company of Connecticut*, Formerly Known as *Travelers Life Insurance Company*, New York City, respondent pro se.

### OPINION OF THE COURT

ANDREW G. TARANTINO, JR., J.

Upon consideration of the petition dated February 18, 2014 and supporting exhibits A through G including the affidavit of Michael Shapiro (the payee), dated October 30, 2012, and the response of Travelers Indemnity Company to the order to show cause and exhibits A and B, and the parties having appeared before the court on June 16, 2014, it is now ordered that the petition of Stone Street Capital, LLC for approval of a structured settlement payment rights transfer from payee Michael Shapiro, nunc pro tunc, is denied.

This is an application for approval of the proposed transfer of certain payments to petitioner, Stone Street Capital, LLC, pursuant to General Obligations Law § 5-1701 *et seq.* (the Structured Settlement Protection Act), from a series of deferred cash payments due to the payee, Michael Shapiro, under a settlement agreement arising from a personal injury claim. The settlement agreement has not been provided as an exhibit to the petition.

At the time of the original application for a transfer of payments in 2012 and early 2013, Mr. Shapiro was 46 years of age and had two dependents: E.S., then age five, and D.S., then age seven. In the event of the payee's death, the payee's estate is the beneficiary of the structured settlement payments at issue.

An annuity was purchased from MetLife Insurance Company of Connecticut to fund the payments owed to Mr. Shapiro under the terms of the settlement agreement. The annuity provided that Mr. Shapiro was entitled to receive monthly payments of $1,053.42 beginning in 2008 for Mr. Shapiro's lifetime.

Stone Street was originally represented by other counsel to petition the court for approval of the transfer of structured settlement payment rights. Stone Street asserts that it was led to believe by its former counsel (falsely) that the court had issued a final order approving the transfer of the payee's structured settlement payment rights to Stone Street. The previous law firm had tendered what appeared to be a valid time-stamped order approving the transfer dated March 7,

2013, and signed by Court of Claims and Suffolk County Acting Supreme Court Justice Daniel Martin (the fabricated order). On October 14, 2013, Stone Street learned for the first time that an employee of the Stone Street's prior counsel had fabricated pleadings *and* court orders in this and other transactions in which that firm had represented Stone Street.

Stone Street asserts that based on the fabricated order it made a present lump-sum payment to the payee, Mr. Shapiro, totaling $32,000 in anticipation of receiving the future structured settlement payments from the annuity issuer. Stone Street then assigned its rights to the future payments to a third party, Compass Settlements LLC, who also relied on the fabricated order. The current petition purports to be an attempt to rectify the rogue acts of the employee of Stone Street's prior counsel.

According to Stone Street, in 2008 the payee sold a portion of his structured settlement payments to Stone Street/MetLife via a petition bearing index No. 08-33376 in exchange for receiving a lump-sum payment of $73,520. The payee transferred monthly payments of $1,053.42 starting June 15, 2008 and ending November 15, 2017.

The agreement between Stone Street and the payee for which approval is now sought, nunc pro tunc, provides for the transfer to Stone Street of the monthly payments in the amount of $1,053.42 commencing on December 15, 2017 and ending on November 15, 2037. The payee will exchange the right to recover the 240 payments in the amount of $252,823.20 between 2017 and 2037 in order to receive $32,000. The anticipated payments have a present value of $211,333.60. The continuation of the payments is contingent on Mr. Shapiro's lifetime. At his death, all future payments cease. The aggregate payment to Mr. Shapiro represents approximately 15% of the present value of transferred payments.

All parties appeared before the court for a hearing on June 16, 2014. Mr. Shapiro, who was imminently relocating from Suffolk County to Tucson, Arizona, appeared and advised the court that although he considered the $32,000 payment to be unfair, he was financially constrained to accept it and has since used the money to pay off debts.

The court declines to approve the transfer of the structured settlement payment rights of Mr. Shapiro, nunc pro tunc. In order for a transfer of structured settlement rights to be effective, the Structured Settlement Protection Act requires that

the transfer be authorized in advance in a final order of a court of competent jurisdiction based upon express findings in the statute including that the transfer is in the best interest of the payee, taking into account the welfare and support of the payee's dependents. (General Obligations Law § 5-1706 [b].) Prescinding from the issue of whether the court may ever approve such a transfer "nunc pro tunc" (*see Matter of J.G. Wentworth Originations, LLC v Hall*, 43 Misc 3d 837 [Sup Ct, Yates County 2014]), the court concludes that the proposed transfer is (or was) not in the best interests of Mr. Shapiro. The aggregate payment to Mr. Shapiro represents only 15% of the present value of the transferred payments, which the court does not consider to be in the best interests of Mr. Shapiro or his two dependents, even taking into consideration that the future payments are life contingent.

The court is aware of Stone Street's dilemma with having already made advance lump-sum payments to Mr. Shapiro (and others) in reliance on fabricated approval orders. Nevertheless, it is not the court's function to solve Stone Street's problem by simply rubber-stamping those bogusly obtained court orders. The fact that recently other courts may have granted nunc pro tunc approval under similar circumstances does not absolve this court of its obligation to follow its statutory mandate to consider, inter alia, that

> "the transfer is in the best interest of the payee, taking into account the welfare and support of the payee's dependants; and whether the transaction, including the discount rate used to determine the gross advance amount and the fees and expenses used to determine the net advance amount, are fair and reasonable." (General Obligations Law § 5-1706 [b].)

That said, this court concludes that the subject transfer was not in Mr. Shapiro's best interests. It would not have approved the transfer in the original instance, and it does not approve it nunc pro tunc.

In light of the foregoing, the relief for nunc pro tunc approval is denied and the petition is dismissed.