BAC Home Loans Servicing, L.P. v Mazza (2021 NY Slip Op 00404)





BAC Home Loans Servicing, L.P. v Mazza


2021 NY Slip Op 00404


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-06575
 (Index No. 1901/10)

[*1]BAC Home Loans Servicing, L.P., etc., appellant,
v
Thomas J. Mazza, Jr., et al., defendants.


Gross Polowy, LLC, Westbury, NY (John J. Ricciardi of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), entered February 25, 2015. The order denied the plaintiff's unopposed motion for leave to enter a default judgment and for an order of reference, and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
In February 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Thomas J. Mazza, Jr. (hereinafter the defendant). The defendant did not interpose an answer to the complaint or otherwise appear in the action. After a mandatory foreclosure settlement conference on October 15, 2010, the Supreme Court advised the plaintiff that it could proceed with the action.
More than four years later, by notice of motion dated November 25, 2014, the plaintiff moved for an order of reference and for leave to enter a default judgment against all non-answering defendants. By order entered February 25, 2015, the Supreme Court denied the plaintiff's motion and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). The plaintiff appeals.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if 'sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]; see U.S. Bank, N.A. v Laulicht, 176 AD3d 892, 893). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default [*2]judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see U.S. Bank, N.A. v Laulicht, 176 AD3d at 893; Bank of N.Y. v Kushnir, 150 AD3d 946, 948).
We agree with the Supreme Court's determination that the plaintiff failed to proffer a reasonable excuse for its four-year delay in moving for an order of reference upon the defendant's default (see U.S. Bank, N.A. v Laulicht, 176 AD3d at 893; Bank of N.Y. v Kushnir, 150 AD3d at 948).
While the plaintiff contends that it satisfied the mandate of CPLR 3215 by filing a prior motion for an order of reference which it subsequently withdrew (see Aurora Loan Servs. LLC, v Gross, 139 AD3d 772, 773), the plaintiff failed to establish that it actually made the prior motion for an order of reference in the first instance. Therefore, it failed to establish that it took any steps to initiate proceedings for the entry of a judgment within one year after the default (see JPMorgan Chase Bank, N.A. v Hosain, 178 AD3d 785, 787; U.S. Bank N.A. v Penate, 176 AD3d 758, 760-761).
In view of the foregoing, we need not reach the plaintiff's remaining contention.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court