Rene v Abrams (2021 NY Slip Op 02431)





Rene v Abrams


2021 NY Slip Op 02431


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-06531
 (Index No. 605594/15)

[*1]Emmanuel Rene, et al., respondents, 
v
Gregory D. Abrams, etc., et al., appellants.


Gregory D. Abram & Associates, P.C., sued herein as Gregory D. Abrams & Associates, Floral Park, NY (Gregory Dale Abram, sued herein as Gregory D. Abrams, pro se of counsel), appellant pro se and for appellant Gregory D. Abrams.
Dell & Dean, PLLC, Garden City, NY (Joshua Weinstock of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered March 27, 2019. The order, upon an amended order of the same court entered November 18, 2016, inter alia, granting the plaintiffs' motion for leave to enter a default judgment against the defendants on the issue of liability upon their failure to appear or answer the complaint, and after an inquest on the issue of damages, directed payment of the sum of $9,000 in damages to the plaintiff Emmanuel Rene and payment of the sum of $1,000 in damages to the plaintiff Danica Drakes.
ORDERED that the appeal is dismissed, with costs.
An order which does not decide a motion made on notice is not appealable as of right (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335; Deutsche Bank Natl. Trust Co. v Brown, 186 AD3d 1195), and we decline to grant leave to appeal. While the defendants seek appellate review of the Supreme Court's determination of damages after an inquest, they failed to include the relevant papers and transcripts to enable meaningful appellate review of that issue (see CPLR 5526; Rubio-Modica v Modica, 100 AD3d 979; Keita v United Parcel Serv., 65 AD3d 571, 572).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court