Pinnacle Capital, LLC v O'Bleanis (2023 NY Slip Op 01540)

Pinnacle Capital, LLC v O'Bleanis

2023 NY Slip Op 01540

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-05595
 (Index No. 718426/19)

[*1]Pinnacle Capital, LLC, respondent,
v
Nathaniel O'Bleanis, etc., et al., appellants.

Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for appellants.
Fox Rothschild, LLP, New York, NY (Matthew J. Schenker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the defendants appeal from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered July 16, 2020. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff commenced this action, inter alia, to recover a payment of $280,000 it purportedly made to the defendants, who are the co-trustees of a trust. According to the complaint, the defendants entered into an agreement with nonparty Bentzen Financial, LLC (hereinafter Bentzen), to sell to Bentzen the trust's interest in certain structured settlement annuity payments, in exchange for a lump sum payment of $280,000 (hereinafter the agreement). Bentzen then filed an order to show cause seeking court approval of the agreement, in accordance with the Structured Settlement Protection Act (General Obligations Law § 5-1701 et seq.; hereinafter SSPA). The complaint alleges that the plaintiff received a copy of what it believed was a valid court order approving the agreement (hereinafter the purported order). Based upon the purported order, the plaintiff allegedly "sent $280,000 of its funds to the [defendants] in anticipation of Bentzen or its assigns receiving the structured settlement payments." The complaint does not provide any further details as to why the plaintiff sent the sum of $280,000 to the defendants, nor does it articulate what relationship the plaintiff has with Bentzen or the defendants. The complaint further alleges that, after the funds were sent, the plaintiff and the defendants came to learn that the purported order had been forged, whereupon the plaintiff sought from the defendants either a return of the $280,000 or cooperation in obtaining a valid court approval of the agreement, but the defendants refused.
The complaint asserts causes of action to recover damages for conversion and unjust enrichment, and seeks declaratory relief and indemnification. The complaint seeks to "[r]equire the [defendants] to provide a detailed accounting of any profits generated out of the conduct described herein," seeks money damages in the sum of $280,000, plus attorneys' fees, expenses, costs, and pre- and postjudgment interest, or, in the alternative, a declaration that "the [agreement] is valid and proper and/or that the [defendants] may retain the Monies only upon issuance of a valid court order [*2]approving the [agreement]."
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered July 16, 2020, the Supreme Court, inter alia, denied the motion, and the defendants appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction, the court is to determine only whether the facts as alleged fit within any cognizable legal theory, and the facts pleaded are presumed to be true and are to be accorded every favorable inference" (Recine v Recine, 201 AD3d 827, 829-830; see Leon v Martinez, 84 NY2d 83, 87-88; Louzon v Gentry Apts., Inc., 191 AD3d 776; Feggins v Marks, 171 AD3d 1014, 1015). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Here, the defendants demonstrated that the complaint fails to state a cause of action, on the ground that the plaintiff's claims are prohibited by the SSPA. Enacted in 2002, the purpose of the SSPA, as reflected in the legislative materials, was to establish "procedural safeguards for those who sell settlements that are awarded as a result of litigation," due to a recognition that "[m]any of the people who receive such settlements are being compensated for very serious, debilitating injuries, and have been unfairly taken advantage of in the past by the businesses that purchase their settlements" (Mem in Support, Bill Jacket, L 2002, ch 537 at 5). "Under this law, transfers such as the one at issue are prohibited unless approved by a court of competent jurisdiction based upon express findings, inter alia, that the transfer is in the best interest of the payee and that the discount rate, fees and expenses used to determine the net amount advanced are fair and reasonable" (Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 357; see General Obligations Law § 5-1706). In circumstances, such as here, where payment for a structured settlement transfer is made to the payee prior to the court's approval of the transfer, whether intentionally or due to a mistaken belief that the transfer had already been approved, a proposed transferee must seek nunc pro tunc approval of the transfer, and such approval is not guaranteed (see e.g. Matter of Stone St. Capital LLC v Shapiro, 47 Misc 3d 965, 967 [Sup Ct, Suffolk Co]; Matter of Stone St. Capital LLC v Holt, 45 Misc 3d 1207[A], 2014 NY Slip Op 51487[U] [Sup Ct, NY County]; Matter of J.G. Wentworth Originations, LLC v Hall, 43 Misc 3d 837, 838 [Sup Ct, Yates County]).
Significantly, the SSPA further provides that "[n]o payee who proposes to make a transfer of structured settlement payment rights shall incur any penalty, forfeit any application fee or other payment, or otherwise incur any liability to the proposed transferee or any assignee based on any failure of such transfer to satisfy the conditions" of the SSPA (General Obligations Law § 5-1708[d]).
Moreover, the SSPA sets forth a detailed procedure for approval of a structured settlement payment transfer, and provides, among other things, that such an action "shall be by a special proceeding brought on only by order to show cause" (General Obligations Law § 5-1705[a]), and that a copy of the order to show cause and petition shall be served upon "all interested parties" (General Obligations Law § 5-1705[c]), defined to include "the payee, any beneficiary irrevocably designated under the annuity contract to receive payments following the payee's death, the annuity issuer, the structured settlement obligor, and any other party that has continuing rights or obligations under such structured settlement" (General Obligations Law § 5-1701[f]). The petition for approval of the transfer shall include "(i) a copy of the transfer agreement; (ii) a copy of the disclosure statement and proof of notice of that statement required under section 5-1703 of this title; (iii) a listing of each of the payee's dependents, together with each dependent's age; and (iv) a statement setting forth whether there have been any previous transfers or applications for transfer of the structured settlement payment rights and giving details of all such transfers or applications for transfer" (General Obligations Law § 5-1705[d]). The plaintiff does not dispute that the instant action fails to comply with the procedural requirements of General Obligations Law § 5-1705.
We agree with the defendants that the instant action is barred by the plain language of General Obligations Law §§ 5-1708(d) and 5-1705.
Notwithstanding the plaintiff's contention to the contrary, the factual basis of its causes of action, as alleged in the complaint, is a failure of the agreement between Bentzen and the defendants to "satisfy the conditions of" the SSPA (id.). Specifically, the plaintiff claims that it is entitled to recover from the defendants because the agreement never received court approval, as required by General Obligations Law § 5-1706.
The allegations in the complaint also do not support the plaintiff's contention that General Obligations Law § 5-1708(d) is inapplicable here because the plaintiff is not a "proposed transferee" within the meaning of that statute. The plaintiff alleges that it paid $280,000 to the defendants, and on appeal describes this payment as the "purchase price," "purchase payment," and "purchase funds." The plaintiff's allegations that it is aggrieved because it paid the "purchase price" owed by the proposed transferee under the agreement contradicts the plaintiff's contention that it is not bound by the SSPA because it is not the proposed transferee. While the plaintiff is accorded the "benefit of every possible favorable inference" on the defendants' motion to dismiss pursuant to CPLR 3211(a), "such favorable treatment is not limitless" (O'Neill v Wilder, 204 AD3d 823, 823), and here, the only reasonable inference to be drawn from the plaintiff's allegations is that the plaintiff was acting on behalf of the proposed transferee, or as its successor-in-interest, when it paid the $280,000.
Moreover, contrary to the plaintiff's contention, the portion of its complaint which seeks a declaration that the Agreement is "valid and proper" is substantively indistinguishable from a request for court approval of the Agreement, and therefore constitutes an impermissible effort to circumvent the procedures set forth in GOL 5-1705.
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, as it is barred by the provisions of General Obligations Law §§ 5-1708(d) and 5-1705.
In light of our determination, we need not reach the defendants' remaining contentions.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court