Deutsche Bank Natl. Trust Co. v Ezagui (2023 NY Slip Op 06119)

Deutsche Bank Natl. Trust Co. v Ezagui

2023 NY Slip Op 06119

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-03718
 (Index No. 22601/07)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Eliyahu Ezagui, et al., defendants, Abraham Lokshin, respondent.

Blank Rome LLP, New York, NY (Alina Levi and Diana M. Eng of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 18, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Eliyahu Ezagui, Board of Managers of Kingston Gardens Condominium, and Sneor Dahan, sued herein as "John Doe," for summary judgment on the complaint insofar as asserted against the defendants Tova Eilenberg, Jacob Eckhaus, Yona Gelernter, Menachem Gurevitch, Dov Junik, Schmuel Kesselman, David Krainer, Hillel Laufer, Menachem Lerman, Abraham Loshkin, David Malka, Schneur Minsky, and Yaakov Osdoba, and dismissing those defendants' counterclaim, and for an order of reference, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Eliyahu Ezagui, Board of Managers of Kingston Gardens Condominium, and Sneor Dahan, sued herein as "John Doe," as abandoned pursuant to CPLR 3215(c).
ORDERED that the appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Eliyahu Ezagui, Board of Managers of Kingston Gardens Condominium, and Sneor Dahan, sued herein as "John Doe," as abandoned pursuant to CPLR 3215(c) is dismissed, without costs or disbursements, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
On December 23, 2004, the defendant Eliyahu Ezagui (hereinafter the borrower) executed a note in the amount of $469,000 in favor of Ameriquest Mortgage Company (hereinafter Ameriquest). The note was secured by a mortgage on certain real property located in Brooklyn.
In June 2007, the plaintiff, Ameriquest's successor in interest, commenced this action to foreclose the mortgage against the borrower, among others. The defendants Tova Eilenberg, Jacob Eckhaus, Yona Gelernter, Menachem Gurevitch, Dov Junik, Schmuel Kesselman, David Krainer, Hillel Laufer, Menachem Lerman, Abraham Loshkin, David Malka, Schneur Minsky, and Yaakov Osdoba (hereinafter collectively the nonborrower defendants) interposed an answer that [*2]asserted a cross-claim against the borrower and a counterclaim against the plaintiff, alleging violations of the Debtor and Creditor Law.
In September 2020, the plaintiff moved, inter alia, for leave to enter a default judgment against the borrower and the defendants Board of Managers of Kingston Gardens Condominium and Sneor Dahan, sued herein as "John Doe" (hereinafter collectively the defaulting defendants), for summary judgment on the complaint insofar as asserted against the nonborrower defendants and dismissing the nonborrower defendants' counterclaim, and for an order of reference. The plaintiff raised the issue of the counterclaim in a memorandum of law.
Loshkin opposed the motion. Loshkin noted that the plaintiff did not allege facts in support of its request for summary judgment dismissing the counterclaim, and he argued that since both the complaint and the counterclaim dealt with his right, title, and interest in the subject property, summary judgment could not be awarded on the complaint without disposing of the counterclaim.
In an order dated March 18, 2021, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defaulting defendants, for summary judgment on the complaint insofar as asserted against the nonborrower defendants and dismissing the nonborrower defendants' counterclaim, and for an order of reference, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defaulting defendants as abandoned pursuant to CPLR 3215(c). The plaintiff appeals.
The appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defaulting defendants as abandoned pursuant to CPLR 3215(c) must be dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see id. § 5701[a]), and leave to appeal has not been granted (see Lugo v Corso, 215 AD3d 944). The denial of that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defaulting defendants was consistent with the sua sponte dismissal and cannot be disturbed unless and until the sua sponte dismissal is vacated.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the nonborrower defendants' counterclaim. "[A] party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief," and this rule applies "equally to summary judgment motions directed to counterclaims" (Agulnick v Agulnick, 191 AD3d 12, 16). Here, the plaintiff raised the issue of the counterclaim in a memorandum of law and submitted no facts in admissible form in support of that branch of its motion which was for summary judgment dismissing the counterclaim. The plaintiff's arguments that were improperly raised for the first time in its reply papers were properly disregarded by the court (see Yancha v 2 Herald Owner, LLC, 196 AD3d 537, 539).
Since both the complaint and the counterclaim dealt with the rights, title, and interest of the nonborrower defendants in the subject property, summary judgment could not be awarded on the complaint without disposing of the counterclaim. Accordingly, since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law dismissing the counterclaim, it failed to establish its entitlement to summary judgment on the complaint.
BARROS, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court