Wilmington Sav. Fund Socy., FSB v Thompson (2024 NY Slip Op 04590)

Wilmington Sav. Fund Socy., FSB v Thompson

2024 NY Slip Op 04590

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-04855
 (Index No. 705649/13)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
v
Rosita Thompson, respondent, et al., defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Max Saglimbeni of counsel), for appellant.
Brian McCaffrey Attorney at Law, P.C., Jamaica, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered November 12, 2019. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and, sua sponte, vacated a prior order of the same court dated September 26, 2018, among other things, directing the striking of the answer of the defendant Rosita Thompson and directing the appointment of a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from so much of the order entered November 12, 2019, as, sua sponte, vacated the order dated September 26, 2018, is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order entered November 12, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Rosita Thompson.
In 2013, the plaintiff's predecessor in interest commenced this action against the defendant Rosita Thompson (hereinafter the defendant), among others, to foreclose a mortgage. After a trial before a court attorney referee, in an order dated September 26, 2018 (hereinafter the September 2018 order), the Supreme Court, among other things, directed the striking of the defendant's answer and directed the appointment of a referee to compute the amount due to the plaintiff.
In June 2019, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, among other things, to dismiss the complaint insofar as asserted against her for failure to comply with RPAPL 1304. In an order entered November 12, 2019, the Supreme Court denied the plaintiff's motion, denied the defendant's cross-motion, and, sua sponte, vacated the September 2018 order on the ground that there were "issues as to whether the plaintiff complied with the 90-day notice requirement set forth in RPAPL § 1304." The plaintiff appeals.
The portion of the order entered November 12, 2019, which, sua sponte, vacated the September 2018 order is not appealable as of right (see CPLR 5701[a]; Sholes v Meagher, 100 NY2d 333, 335), and we decline to grant leave to appeal (see Deutsche Bank Natl. Trust Co. v Ezagui, 221 AD3d 964, 964; Rene v Abrams, 193 AD3d 1001, 1001-1002). An appropriate procedure to obtain review of a sua sponte order is to move to vacate the order and to appeal as of right if the motion is denied, as "[t]his procedure ensures the appeal will be made upon a suitable record after counsel have had an opportunity to be heard" (Sholes v Meagher, 100 NY2d at 335; see Newrez, LLC v City of Middletown, 216 AD3d 655, 657; see also Rene v Abrams, 193 AD3d at 1001-1002).
The propriety of the Supreme Court's determination to deny the plaintiff's motion, inter alia, for a judgment of foreclosure and sale turns on the propriety of the court's determination to vacate the September 2018 order (see generally Deutsche Bank National Trust Co. v Vu, 167 AD3d 844, 847; Wells Fargo Bank, N.A. v Stewart, 146 AD3d 921, 923). Accordingly, there is no basis on this appeal to disturb the portion of the order entered November 12, 2019, which denied the plaintiff's motion, among other things, for a judgment of foreclosure and sale, and we therefore affirm that portion of the order (see Deutsche Bank Natl. Trust Co. v Ezagui, 221 AD3d at 966).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court