Castoria v Bracker (2025 NY Slip Op 01343)

Castoria v Bracker

2025 NY Slip Op 01343

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-11601
 (Index No. 722998/20)

[*1]Robert Castoria, appellant, 
v
Suzanne Kimberly Bracker, respondent.

Held & Hines, LLP, Brooklyn, NY (Jack Angelou of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered August 21, 2023. The order, insofar as appealed from, after a hearing to determine the validity of service of process, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal is dismissed, without costs or disbursements.
CPLR 5526 provides, inter alia, that "[t]he record on appeal from an interlocutory judgment or any order shall consist of the notice of appeal, the judgment or order appealed from, the transcript, if any, the papers and other exhibits upon which the judgment or order was founded and any opinions in the case." "It is the obligation of the appellant to assemble a proper record on appeal" (Bruzzese v Bruzzese, 203 AD3d 1007, 1010). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450).
Here, the appellant failed to include, in the record on appeal, the transcript of the hearing that was held before the Supreme Court to determine the validity of service of process. The omission of the transcript inhibits this Court's ability to render an informed decision on the issues raised by the appellant. Accordingly, the appeal must be dismissed (see Rene v Abrams, 193 AD3d 1001; Clarke v Clarke, 90 AD3d 690, 691; Garnerville Holding Co. v IMC Mgt., 299 AD2d at 450).
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court