Loan Funder, LLC v Suffolk Home Rehab, LLC (2025 NY Slip Op 01795)

Loan Funder, LLC v Suffolk Home Rehab, LLC

2025 NY Slip Op 01795

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-08566 
2023-09822
 (Index No. 614283/21)

[*1]Loan Funder, LLC, Series 8800, plaintiff,
v
Suffolk Home Rehab, LLC, et al., respondents, et al., defendants, Ammad Hasan, et al., appellants.

The Linden Law Group, P.C., New York, NY (Jeffrey Benjamin of counsel), for appellants.
Rodney Drake, Bohemia, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Ammad Hasan and Sona Nadiryan appeal from (1) an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated June 21, 2023, and (2) an order of the same court dated August 18, 2023. The order dated June 21, 2023, insofar as appealed from, granted those branches of the motion of the defendants Suffolk Home Rehab, LLC, and Kabir Javaid which were pursuant to CPLR 3211(a) to dismiss the cross-claims of the defendants Ammad Hasan and Sona Nadiryan alleging fraudulent inducement and unjust enrichment. The order dated August 18, 2023, insofar as appealed from, upon reargument, adhered to the determination in the order dated June 21, 2023, granting those branches of the motion of the defendants Suffolk Home Rehab, LLC, and Kabir Javaid which were pursuant to CPLR 3211(a) to dismiss the cross-claims of the defendants Ammad Hasan and Sona Nadiryan alleging fraudulent inducement and unjust enrichment.
ORDERED that the order dated June 21, 2023, is reversed insofar as appealed from, on the law, those branches of the motion of the defendants Suffolk Home Rehab, LLC, and Kabir Javaid which were pursuant to CPLR 3211(a) to dismiss the cross-claims of the defendants Ammad Hasan and Sona Nadiryan alleging fraudulent inducement and unjust enrichment are denied, and so much of the order dated August 18, 2023, as, upon reargument, adhered to the determination in the order dated June 21, 2023, granting those branches of the motion of the defendants Suffolk Home Rehab, LLC, and Kabir Javaid which were pursuant to CPLR 3211(a) to dismiss the cross-claims of the defendants Ammad Hasan and Sona Nadiryan alleging fraudulent inducement and unjust enrichment is vacated; and it is further,
ORDERED that the appeal from order dated August 18, 2023, is dismissed as academic in light of our determination on the appeal from the order dated June 21, 2023; and it is further,
ORDERED that one bill of costs is awarded to the defendants Ammad Hasan and Sona Nadiryan.
In this action to foreclose a mortgage, the defendants Ammad Hasan and Sona Nadiryan (hereinafter together the appellants) asserted cross-claims against the defendants Suffolk Home Rehab, LLC, and Kabir Javaid (hereinafter together the respondents), inter alia, alleging fraudulent inducement and unjust enrichment. The respondents moved, among other things, pursuant to CPLR 3211(a)(5) and (7) to dismiss the appellants' cross-claims based on the statute of frauds and for failure to state a cause of action. In an order dated June 21, 2023, the Supreme Court, inter alia, granted those branches of the respondents' motion which were pursuant to CPLR 3211(a) to dismiss the appellants' cross-claims alleging fraudulent inducement and unjust enrichment. Thereafter, the appellants moved for leave to reargue their opposition to the respondents' motion. In an order dated August 18, 2023, the court, among other things, granted leave to reargue and, upon reargument, adhered to the prior determination granting those branches of the respondents' motion which were pursuant to CPLR 3211(a) to dismiss the appellants' cross-claims alleging fraudulent inducement and unjust enrichment. These appeals ensued.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) 'the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable theory'" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 790, 791, quoting Mawere v Landau, 130 AD3d 986, 988; see Leon v Martinez, 84 NY2d 83, 87). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Pinnacle Capital, LLC v O'Bleanis, 214 AD3d 913, 915, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). "'To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury'" (Ikezi v 82nd St. Academics, 221 AD3d 986, 988, quoting Feldman v Byrne, 210 AD3d 646, 648-649). Here, the allegations that Javaid induced the appellants to enter into a contract to purchase the subject property by misrepresenting facts regarding, inter alia, the mortgage, were sufficient to state a cross-claim alleging fraudulent inducement (see New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 801).
Similarly, "[o]n a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) based on the statute of frauds, the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference" (Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 750; see Faison v Lewis, 25 NY3d 220, 224). Here, the appellants alleged that Javaid made misrepresentations of present facts that were collateral to the contract with another party for the purchase of the property and served as an inducement to enter into that contract. Further, the appellants do not seek to enforce the terms of a contract for the sale of real property or any interest in real property, but instead are seeking damages stemming from the appellants' fraudulent misrepresentations. Under these circumstances, the Supreme Court should not have granted dismissal of the cross-claim alleging fraudulent inducement as barred by the statute of frauds (see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d at 750).
In addition, the Supreme Court improperly granted that branch of the respondents' motion which was pursuant to CPLR 3211(a) to dismiss the cross-claim alleging unjust enrichment, as the respondents did not raise any arguments in their motion to support dismissal of this cross-claim. Moreover, the respondents, on appeal, fail to address the appellants' contention that this cross-claim was not subject to dismissal.
Accordingly, the Supreme Court should have denied those branches of the respondents' motion which were pursuant to CPLR 3211(a) to dismiss the cross-claims alleging fraudulent inducement and unjust enrichment.
The respondents' remaining contentions are either not properly before this Court or without merit.
CHAMBERS, J.P., BRATHWAITE NELSON, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court