Canara Bank v Veria Lifestyle, Inc. (2026 NY Slip Op 00296)

Canara Bank v Veria Lifestyle, Inc.

2026 NY Slip Op 00296

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CV-24-1716
[*1]Canara Bank, New York Branch, et al., Respondents,
vVeria Lifestyle, Inc., et al., Appellants, et al., Defendants.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

The Lorenc Law Firm, New York City (Thomas J. Sottile of Mark L. Lubelsky & Associates, New York City, of counsel), for appellants.
Condon & Forsyth LLP, New York City (Joseph E. Czerniawski of counsel), for respondents.

Ceresia, J.
Appeals (1) from an order of the Supreme Court (E. Danielle Jose-Decker, J.), entered September 12, 2024 in Sullivan County, which, among other things, granted plaintiffs' motion for summary judgment, and (2) from an order of said court, entered October 8, 2024 in Sullivan County, which denied certain defendants' motion to vacate, among other things, the note of issue.
In 2013, defendant Veria Lifestyle, Inc. (hereinafter Veria) acquired a 1,302-acre parcel in the Town of Thompson, Sullivan County, intending to build a wellness resort and golf course on the property. In June 2016, plaintiff Canara Bank, New York Branch (hereinafter Canara) and Veria entered into a building loan agreement (hereinafter BLA) to make loans available for Veria to develop and improve the property in amounts not to exceed $45 million. Under the terms of the BLA, Canara was to lend Veria $25 million, with Veria responsible for obtaining the remaining $20 million from other lenders. Canara's loan was secured by a building loan mortgage and security agreement. In September 2016, plaintiff Union Bank of India (UK) Limited became a party to the BLA by means of a novation agreement, pursuant to which it agreed to lend Veria $12.5 million.
In January 2022, plaintiffs commenced this commercial mortgage foreclosure action against Veria and Veria's guarantors (hereinafter collectively referred to as defendants), among others, alleging default under the loan documents for failure to pay interest due on April 1, 2019, and failure to fund a debt service reserve account before March 31, 2019. Plaintiffs demanded payment of over $37 million on the outstanding principal balance in addition to accrued and unpaid interest and other charges under the mortgage. Defendants joined issue, asserting, as relevant here, an affirmative defense of lack of standing and/or capacity to sue, as well as two counterclaims: breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiffs then moved for summary judgment on the complaint, an order of reference and dismissal of defendants' counterclaims. Defendants opposed and moved to strike the note of issue and compel discovery. Supreme Court granted plaintiffs' motion and denied defendants' motion as moot. Defendants appeal.
"[T]o establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1407 [3d Dept 2021] [internal quotation marks and citation omitted]; accord Ajax Mtge. Loan Trust 2021-C, Mtge.-Backed Sec., Series 2021-C v Steele, 240 AD3d 1037, 1038 [3d Dept 2025]). In addition, where a defendant places a plaintiff's standing at issue in its answer, the plaintiff must prove its standing as part of its prima facie case (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872 [2d Dept 2019]). The plaintiff must also demonstrate its right to judgment [*2]on any counterclaim for which dismissal is sought (see Deutsche Bank Natl. Trust Co. v Ezagui, 221 AD3d 964, 966 [2d Dept 2023]).
In support of their motion, plaintiffs submitted the BLA, the novation agreement and the mortgage and security agreement, along with letters sent by plaintiffs to defendants concerning their default and plaintiffs' acceleration of the loan. Regarding the question of standing, in response to defendants' claim that Canara, as a domestic branch of a foreign bank, lacked independent standing to bring this action, plaintiffs provided a license issued by the Department of Financial Services indicating that Canara's parent bank, a banking corporation organized under the laws of the Republic of India, is authorized to maintain a branch in New York and to transact business at that branch under the Banking Law. "[T]he domestic branch of a foreign bank is not a separate legal identity from its parent bank . . . and has standing to sue on claims its parent could assert" (Bayerische Landesbank, New York Branch v Barclays Capital, Inc., 902 F Supp 2d 471, 472 [SD NY 2012]; see Banking Law §§ 200 [4]; 201-b). The foregoing was sufficient to satisfy plaintiffs' initial burden of showing entitlement to judgment on the complaint (see Sjogren v Land Assoc., LLC, 223 AD3d 963, 965 [3d Dept 2024]; U.S. Bank N.A. v Ioannides, 192 AD3d at 1408).
Plaintiffs also met their burden with respect to dismissal of defendants' counterclaims. The breach of contract counterclaim — i.e., that Canara violated the BLA by providing a loan of only $25 million, rather than the full $45 million — fails under the BLA's express terms, which instruct that Canara would lend $25 million to Veria, with Veria responsible for obtaining any additional funds from other lenders. As for the counterclaim that Canara breached the implied covenant of good faith and fair dealing by refusing to approve one such lender proposed by Veria, "[t]he covenant of good faith and fair dealing cannot negate express provisions of [an] agreement, nor is it violated where the contract terms unambiguously afford [a party] the right to exercise its absolute discretion" to, in this case, withhold approval of another lender (Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 29 [1st Dept 2017] [internal citation omitted]). The BLA explicitly required any new lender to be "satisfactory to" Canara, such that Canara was permitted to approve or disapprove a new lender in its sole discretion. Notably, the lender put forward by Veria in this instance was offering a loan that would not have been "on terms in alignment with" the BLA, as required therein, since it would have caused Veria's debt to exceed the $45 million ceiling.
In opposition, defendants failed "to establish, through competent and admissible evidence, the existence of a viable defense to their alleged default or a material issue of fact" (JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1200 [3d Dept 2017[*3]]). Defendants did not contest their default under the mortgage. Rather, they focused upon their arguments that Canara lacked standing because it could not bring a claim independent of its foreign parent bank and because that parent bank was purportedly failing to abide by Indian banking laws. However, as noted above, a domestic branch of a foreign bank does have standing to sue on the foreign bank's behalf (see Bayerische Landesbank, New York Branch v Barclays Capital, Inc., 902 F Supp 2d at 472), and nothing in defendants' submissions refuted that or otherwise served to defeat summary judgment. Likewise, as defendants failed to raise a material factual issue with regard to either counterclaim, these were properly dismissed (see Wicks v Kelly, 120 AD3d 977, 979 [4th Dept 2014]).
Finally, defendants' assertion that summary judgment was premature is unavailing, given that they failed to show that further discovery could result in a triable fact question (see Bank of N.Y. Mellon v Swift, 213 AD3d 624, 626 [2d Dept 2023]; U.S. Bank N.A. v Wiener, 171 AD3d 1241, 1242 [2d Dept 2019]; Park Place at Malta, LLC v Berkshire Bank, 148 AD3d 1414, 1417 [3d Dept 2017]). Defendants' remaining contention as to the sufficiency of plaintiffs' statement of material facts is unpreserved for our review.
Aarons, J.P., Reynolds Fitzgerald, Fisher and Corcoran, JJ., concur.
ORDERED that the orders are affirmed, with costs.