| |
|---|
| **CUP Purchase Equities LLC v Pollock** |
| 2026 NY Slip Op 30233(U) |
| February 4, 2026 |
| Supreme Court, Suffolk County |
| Docket Number: Index No. 627464/2024 |
| Judge: Maureen T. Liccione |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Short Form Order

Index No. 627464/2024

SUPREME COURT – STATE OF NEW YORK
PART 78 – SUFFOLK COUNTY

**P R E S E N T :**

**Hon. Maureen T. Liccione**
Justice Supreme Court

---------------------------------------------------------x

CUP PURCHASE EQUITIES LLC,

                          Plaintiff,

  -against-

PAMELA POLLOCK, Executrix of the Estate of
Arthur Pollock, and MNB 318 THIRD ST LLC

                       Defendants.

-----------------------------------------------------------x

**DECISION AND ORDER**

Mot. Seq. No. 002-MG/CaseDisp
Orig. Return Date: 12/10/2025
Mot. Submit Date: 12/10/2025

**PLAINTIFF'S ATTORNEY**
RICHLAND & FALKOWSKI, PLLC
28-07 Jackson Avenue, 5th Fl
Long Island City, NY 11101

**DEFENDANT PRO SE**
PAMELA POLLOCK
Executrix of the Estate of
Arthur Pollock
8883 Big Blue Lane
Orlando, FL 32836

**DEFENDANT'S ATTORNEY**
Attorneys for MNB 318 THIRD ST LLC
JUSTIN F. PANE, PC
80 Orville Drive, Suite 100
Bohemia, NY 11716

Upon the e-filed documents numbered 46 through 49 and due deliberation, it is:

**ORDERED** that that the motion by defendant MNB 318 Third St LLC (motion sequence no. 2) is granted to the extent that the complaint is dismissed as against defendant MNB 318 Third St LLC for failure to state a cause of action under CPLR 3211 (a) (7); and it is further

**ORDERED** that upon the Court's own motion, the complaint is dismissed as against defendant Pamela Pollock, Executrix of the Estate of Arthur Pollock, for plaintiff's failure pursuant to CPLR 3215 (c) to take proceedings for the entry of judgment within one year after the default of defendant Pamela Pollock, Executrix of the Estate of Arthur Pollock; and it is further

[* 1]

CUP Purchase Equities v Pollock                         Index No. 627464/2024

**ORDERED** the complaint is dismissed as against all parties.

Plaintiff CUP Purchase Equities LLC filed a summons and complaint on November 4, 2024 against the defendant Pamela Pollock, Executrix of the Estate of Arthur Pollock. Plaintiff alleged causes of action for specific performance and breach of contract regarding a failed real estate transaction involving the real property located at 318 3rd Street, Greenport, New York 11944 (Premises). Plaintiff also filed a notice of pendency in connection with this action. Defendant Pamela Pollock, Executrix of the Estate of Arthur Pollock has not answered or otherwise appeared.

On March 25, 2024, plaintiff and defendant entered into a contract for the sale (CUP Contract) of the Premises for the sum of $351,500.00. The transaction was structured as a short sale, as the deceased Arthur Pollock had a single mortgage in the original principal amount of $544,185.00. Defendant failed to schedule a closing for the sale of the Premises to plaintiff. Plaintiff did not record the CUP Contract.

Allegedly unbeknownst to plaintiff, on August 8, 2024, MNB 318 Third St LLC (MNB), as purchaser, and the defendant as seller, executed a contract of sale for the Premises (MNB Contract). Said purchase price was for $225,000.00. On September 12, 2024, MNB closed on the purchase of the Premises with defendant.

On November 4, 2024, plaintiff commenced this action against the defendant only and filed a notice of pendency against the Premises. At that time, the September 12, 2024 deed to MNB was not recorded.

By Order dated June 18, 2025, this Court granted MNB's leave to intervene, cancelled the notice of pendency pursuant to CPLR 6514 (a), ordered the amendment of the summons and complaint to add MNB as a defendant. The Court denied the branch of MNB's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1). The Court also deemed MNB's proposed answer as served on the parties.

MNB now moves pursuant to CPLR 1003 to be removed from this action or, in the alternative, pursuant to CPLR 3211 (a) (7), to dismiss the complaint because no cause of action is stated or may be inferred against MNB. Plaintiff is opposing the motion.

In considering a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction and the court must "accept the allegations as true and accord the plaintiff[ ] every possible favorable inference" (*Sassi v Mobile Life Support Servs., Inc.*, 37 NY3d 236, 239 [2021], quoting *Chanko v American Broadcasting*

2

[* 2]

CUP Purchase Equities v Pollock

Index No. 627464/2024

*Cos. Inc.,* 27 NY3d 46, 52 [2016]; *Aristy-Farer v State*, 29 NY3d 501, 509 [2017]). Giving plaintiff the benefit of all favorable inferences, which may be drawn from the pleading, the court determines only whether the alleged facts "fit within any cognizable legal theory" (*Sassi v Mobile Life Support Servs., Inc.*, 37 NY3d at 239; *Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 141 [2017]; *see Recine v Recine*, 201 AD3d 827, 830 [2d Dept 2022]). Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d at 142; *Pinnacle Cap., LLC v O'Bleanis*, 214 AD3d 913, 915 [2d Dept 2023]).

Here, plaintiff failed to state any causes of action against MNB. The causes of action for breach of contract and specific performance fail against MNB because they are both based on the unrecorded CUP Contract, to which MNB was not a party. There are no viable causes of action for breach of contract and specific performance against MNB, and plaintiff seems to acknowledge that fact in its opposition papers.

In its opposition papers, plaintiff argues that it has unpled claims against MNB for (i) constructive trust, due to MNB's non-good faith purchaser status, (ii) unjust enrichment, and (iii) tortious interference with a contractual relationship. Plaintiff argues that with the Court's leave, plaintiff will plead those claims, warranting denial of this motion. Plaintiff argues that there is an "open question" as to whether MNB was a bona fide purchaser without notice of the CUP Contract, and that the CUP Contract established the necessary equitable interest to permit the imposition of a constructive trust. Plaintiff also contends that it has a claim for unjust enrichment against MNB as plaintiff obtained a short sale approval and MNB "appears" to have had it "reissued" to itself. Plaintiff also alleges that MNB intentionally procured defendant's breach of the CUP Contract to enrich itself.

Plaintiff did not file a cross-motion pursuant to CPLR 2215 to seek the affirmative relief of amending its complaint. "Nonetheless, courts retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215" (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 65 [2d Dept 2013]). The Court will not entertain such a request as plaintiff failed to provide a proposed amended complaint and thus would not have been entitled to the requested relief had it made a cross-motion under CPLR 2215 (*see id.* at 66). Pursuant to CPLR 3025 (b), any motion to amend pleadings shall be accompanied by the proposed amended pleading clearly

FILED: SUFFOLK COUNTY CLERK 02/05/2026 04:28 PM
INDEX NO. 627464/2024

NYSCEF DOC. NO. 50
RECEIVED NYSCEF: 02/05/2026

CUP Purchase Equities v Pollock
Index No. 627464/2024

showing the changes or additions to be made to the pleading. Since plaintiff did not provide a copy of its proposed amended complaint (*Chang v First Am. Title Ins. Co. of New York*, 20 AD3d 502, 502 [2d Dept 2005]) and failed to file a cross-motion to properly request leave to amend its pleadings, plaintiff's request to amend its complaint is denied.

Lastly, the Court notes that the order permitting MNB to intervene was granted in June 2025 and MNB filed the instant motion on December 2025, giving plaintiff a 6-month period in which plaintiff could have moved to amend its complaint to include the purported new causes of action against the new defendant MNB. Yet plaintiff did not do so.

Pursuant to CPLR 3215 (c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one year period, as those claims are then deemed abandoned" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 307-308 [2d Dept 2011]). Moreover, CPLR 3215 (c) expressly provides that a court may dismiss a complaint as abandoned "upon its own initiative or on motion" (*Ibrahim v Nablus Sweets Corp.*, 161 AD3d 961, 963 [2d Dept 2018]; *see Deutsche Bank Natl. Tr. Co. v Ezagui*, 221 AD3d 964, 966 [2d Dept 2023]; *BAC Home Loans Servicing, L.P. v Mazza*, 190 AD3d 908, 909 [2d Dept 2021]).

Here, plaintiff failed to move for default judgment against the defendant Pamela Pollock, Executrix of the Estate of Arthur Pollock, within one year after Ms. Pollock's default. Therefore, the Court will dismiss sua sponte the complaint as against the defendant Pamela Pollock, Executrix of the Estate of Arthur Pollock. This action is dismissed.

The foregoing constitutes the decision and Order of the Court.

ENTER

DATE: February 4, 2026
Riverhead, NY

HON. MAUREEN T. LICCIONE, J.S.C.

__X__ FINAL DISPOSITION    ___NON-FINAL DISPOSITION

4

[* 4]